624 So.2d 279 (1993)
Willie HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02760.
District Court of Appeal of Florida, Second District.
July 23, 1993.
Rehearing Denied September 22, 1993.
Willie Harris, appellant pro se.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Willie Harris has appealed from the trial court's imposition of a habitual offender sentence after remand from an unsuccessful appeal to this court, claiming that his new sentence is harsher and violates the constitutional prohibition against double jeopardy. We reject his argument and affirm.
Harris was convicted of robbery while armed with a firearm and resisting an officer without violence. At his sentencing, the state requested habitual offender sanctions. The trial court did not impose them but only because the trial court agreed with Harris that a first degree felony punishable by life was not subject to habitualization. Accordingly, Harris was given a guidelines sentence of 27 years. He appealed the convictions and sentence, and the state cross appealed the question of whether habitualization was properly refused. This court affirmed the convictions, held that first degree felonies punishable by life were subject to habitualization, and reversed and remanded for resentencing. *280 Harris v. State, 593 So.2d 301 (Fla.2d DCA 1992). At the hearing on remand Harris argued that once he had begun to serve a legal sentence, resentencing him to a more severe sanction offends North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). The trial court rejected the argument and, in accordance with our mandate, sentenced him as a habitual offender to the same 27 year term of imprisonment. We acknowledge, but only in passing and not as an issue in this proceeding, that the loss of gain time flowing from habitualization results in Harris' serving a period of actual incarceration greater than that of the original sentence of the same term. Under his original, non-habitual offender sentence he would have been eligible to acquire gain time.
In any event, it is apparent that the trial court would have originally sentenced Harris as a habitual offender but for the uncertainty in the then state of the law regarding the habitualization of first degree felonies punishable by life. Harris, in essence, received his initial guidelines sentence somewhat as a matter of grace based upon the arguments he advanced at sentencing. This was not the situation where a judge habitualizes a defendant but exercises his discretion not to sentence him to an enhanced term. See King v. State, 597 So.2d 309 (Fla.2d DCA 1992) (en banc). When he chose to appeal from his convictions and sentences, however, Harris risked having the trial court's misperception of the law corrected. The imposition of the habitual offender sentence, pursuant to the mandate of this court, was effected without a scintilla of the vindictiveness focused upon in North Carolina v. Pearce. See Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991).
Accordingly, we affirm.
CAMPBELL and ALTENBERND, JJ., concur.