645 So.2d 386 (1994)
Willie HARRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 82165.
Supreme Court of Florida.
September 29, 1994.
Rehearing Denied December 6, 1994.
James Marion Moorman, Public Defender, and Andrea Norgard, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and William I. Munsey, Jr., Tampa, and Thomas Crapps, Tallahassee, Asst. Attys. Gen., for respondent.
OVERTON, Justice.
We review Harris v. State, 624 So.2d 279 (Fla. 2d DCA 1993), in which the district court held that the Double Jeopardy Clause *387 did not bar the imposition of a habitual offender sentence. We have jurisdiction based on conflict with Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991). Art. V, § 3(b)(3), Fla. Const. For the reasons expressed, we approve Harris.
Harris was convicted of robbery while armed with a firearm and resisting an officer without violence. Although the State requested habitual offender sanctions, Harris convinced the trial court that the law was such that habitual offender sanctions were not legally permissible for his convictions.[1] Consequently, Harris was sentenced under the sentencing guidelines to 27 years and not as a habitual offender. Harris appealed both his convictions and his sentences to the district court, and the State cross-appealed the legal issue of whether the trial court had the legal authority to impose habitual offender sanctions.[2] The district court affirmed the convictions. In considering the cross-appeal, the district court held that the trial court erred in its finding that Harris's convictions were not subject to habitualization. The district court then remanded for resentencing under the habitual offender statute.
On remand, the trial court sentenced Harris as a habitual offender to a term of 27 years. Although Harris's new sentence was the same number of years as the original sentence, there is no dispute that Harris will be subject to a longer period of incarceration under the habitual offender sentence than he would have served otherwise.[3] The district court affirmed and Harris now seeks review in this Court of his claim that his sentence violates the Double Jeopardy Clause.[4]
The specific issue presented by this case is whether a trial court can impose a habitual offender sentence on remand after the court has pronounced a non-habitual sentence in the original proceedings without violating the Double Jeopardy Clause. In United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), the defendant was convicted of two counts of racketeering and sentenced as a "dangerous special offender" under a federal statute that authorized the trial court to enhance a defendant's sentence under certain prescribed circumstances. The federal statute, 18 U.S.C. §§ 3575(b), 3576, not only authorizes the imposition of an increased sentence but also grants the United States the right to seek review of that sentence in the Court of Appeals. After the defendant appealed his convictions, the United States also sought review on the ground that the sentence imposed was too lenient. The Court of Appeals affirmed the convictions but dismissed the Government's appeal on double jeopardy grounds and stated: "[T]o subject a defendant to the risk of substitution of a greater sentence, upon an appeal by the government is to place him a second time `in jeopardy of life or limb.'" United States v. DiFrancesco, 604 F.2d 769, 783 (2d Cir.1979) (quoting U.S. Const. amend. V).
The United States Supreme Court disagreed with this holding and reversed the judgment of the Court of Appeals. After describing the evolution of the clause, the Court explained that the Double Jeopardy Clause does not affect a resentencing in the same way that it affects a reprosecution:

*388 The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence. We have noted above the basic design of the double jeopardy provision, that is, as a bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and insecurity, and the possibility that he may be found guilty even though innocent. These considerations, however, have no significant application to the prosecution's statutorily granted right to review a sentence.
449 U.S. at 136, 101 S.Ct. at 437. The Court also corrected the defendant's misperception that a trial court could not increase a defendant's sentence after service of the original sentence had begun.
Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where, as in the dangerous special offender statute, Congress has specifically provided that the sentence is subject to appeal. Under such circumstances there can be no expectation of finality in the original sentence.

Id. at 139, 101 S.Ct. at 438 (emphasis added). Finally, and most appropriate to our resolution of the instant case, the Court noted that: "The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." Id. at 135, 101 S.Ct. at 436 (quoting Bozza v. United States, 330 U.S. 160, 166-67, 67 S.Ct. 645, 648-49, 91 L.Ed. 818 (1947)) (internal quotations omitted).
Like the United States Supreme Court, we find that the Double Jeopardy Clause is not an absolute bar to the imposition of an increased sentence on remand from an authorized appellate review of an issue of law concerning the original sentence. Harris has not been deprived of any reasonable expectation of finality in his original sentence, nor has he been subject to repeated attempts to convict. We note that the State's cross-appeal in this case involved only a legal issue and not the trial court's discretionary judgment concerning Harris's sentence. The trial court's decision against habitual offender sanctions was not based on the State's failure to carry its burden of persuasion. It was a choice based on the law at the time of the trial judge's decision concerning the circumstances under which a defendant could be habitualized. "[T]he trial court would have originally sentenced Harris as a habitual offender but for the uncertainty in the then state of the law... ." Harris, 624 So.2d at 280. The law was clarified by this Court after the initial sentencing and while Harris's case was pending on appellate review. It is now clear that Harris can properly be treated as a habitual offender. We find that Harris had no expectation of finality regarding his sentence where he opened the door to the district court's appellate jurisdiction on an issue of law that was clarified while his case was still pending.
The cases cited by Harris for support are inapposite to the conclusion he urges upon this Court. While a statement in Davis v. State, 587 So.2d 580 (Fla. 1st DCA 1991), is in conflict with the instant case, the factual circumstances are distinguishable. In Davis, the trial judge first decided not to habitualize the defendant but then sua sponte reconvened the parties and resentenced the defendant under the habitual offender statute. In the instant case the trial judge's decision to forego habitualization was the result of an error of law and not a discretionary judgment based on the facts. We find that the Double Jeopardy Clause is not offended by the trial court's imposition of habitual offender sanctions in this case. We agree with the district court that the habitual offender sentence was imposed in this instance "pursuant to the mandate of [the district court, and] was effected without a scintilla of the vindictiveness focused upon in North Carolina v. Pearce." Harris, 624 So.2d at 280 (citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)). For these reasons, we approve Harris.
It is so ordered.
GRIMES, C.J., HARDING, J., and McDONALD, Senior Justice, concur.
SHAW, J., concurs in result only with an opinion.
KOGAN, J., concurs in result only.
*389 SHAW, Justice, concurring in result only.
Although United States v. DiFrancesco, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), dictates the result here, I disagree with the majority opinion in DiFrancesco. That case was decided fourteen years ago by the narrowest of margins, a five-to-four vote. I feel that it is an unfortunate decision.
Just as no citizen can be retried for the same offense following acquittal, no defendant should be subjected to a harsher sentence subsequent to imposition. Imposition of sentence is the functional equivalent of an acquittal of all harsher sentences for that offense:
Not only has the Court repeatedly said that sentences may not be increased after imposition without violating the double jeopardy prohibition against multiple punishments, but the analytic similarity of a verdict of acquittal and the imposition of sentence requires this conclusion. A verdict of acquittal represents the factfinder's conclusion that the evidence does not warrant a finding of guilty. Similarly, a guilty verdict of second-degree murder where the charge to the jury permitted it to find the defendant guilty of first-degree murder represents the factfinder's implicit finding that the facts do not warrant a first-degree murder conviction. Thus, a retrial on first-degree murder is constitutionally impermissible. The sentencing of a convicted criminal is sufficiently analogous to a determination of guilt or innocence that the Double Jeopardy Clause should preclude government appeals from sentencing decisions very much as it prevents appeals from judgments of acquittal. The sentencing proceeding involves the examination and evaluation of facts about the defendant, which may entail the taking of evidence, and the pronouncement of a sentence. Thus, the imposition of a 10-year sentence where a 25-year sentence is permissible under the sentencing statute constitutes a finding that the facts justify only a 10-year sentence and that a higher sentence is unwarranted. In both acquittals and sentences, the trier of fact makes a factual adjudication that removes from the defendant's burden of risk the charges of which he was acquitted and the potential sentence which he did not receive.
Id., 449 U.S. at 146, 101 S.Ct. at 442 (Brennan, J., dissenting). I agree with Justice Brennan that once a defendant has been sentenced to a particular term, the State should not be able to appeal that sentence and seek a harsher one.
Because the majority in the present case is properly following the law as set forth in DiFrancesco, I concur in the result. I do not, however, agree with the reasoning.
NOTES
[1] Harris argued that his convictions, as first-degree felonies punishable by life imprisonment, were not subject to enhancement under the habitual offender statute. Although the law was uncertain at the time of Harris's original sentencing, we subsequently held that first-degree felonies punishable by life imprisonment are subject to habitualization. Burdick v. State, 594 So.2d 267 (Fla. 1992).
[2] Harris has raised a collateral issue pertaining to the State's authority to appeal the habitual offender sentencing issue to the district court. According to Harris, because the original sentence imposed by the trial court was not illegal, the State lacked the authority to prosecute an appeal on this issue. See § 924.07(1)(e), Fla. Stat. (1989); Rule 9.140(c)(1)(I), Fla.R.App.P. However, the district court chose to treat the appeal by the State as a cross-appeal rather than an appeal from an illegal sentence. Because a cross-appeal is permissible under both the statute and the rules of procedure, we accept the district court's disposition of this issue.
[3] As a habitual offender Harris will not be subject to the provisions of section 921.001 (sentencing guidelines), chapter 947 (parole), or gain-time granted by the Department of Corrections. See § 775.084(4)(e), Fla. Stat. (1989).
[4] U.S. Const. amend. V; Art. I, § 9, Fla. Const.