PATTERSON, Judge.
Henry Mason challenges his sentences for three counts of robbery and one count of felon in possession of a firearm. We reverse and remand for resentencing.
Mason and the state agree that there was a scoresheet error which resulted in his seventeen-year total sentence — a one-cell increase from the guidelines recommendation. Mason contends that he must be resentenced within the correct permitted guidelines range of five and one-half to twelve years in prison. The state correctly argues, however, that the trial judge has the option of resentencing Mason as a habitual violent felony offender, as the judge originally contemplated at the sentencing hearing. See Harris v. State, 624 So.2d 279, 280 (Fla. 2d DCA 1993) (“When he chose to appeal from his convictions and sentences, however, Harris risked having the trial court’s misperception of the law corrected.”), approved, 645 So.2d 386 (Fla.1994).
Here, the trial judge sought to sentence Mason as a violent felony offender for a term of years on the felon in possession of a firearm charge, but defense counsel argued that the offense being sentenced must be violent. The trial judge was also under the impression that if she sentenced Mason as a violent offender on the robberies, a life sentence would be required. As the state points out, a violent offender sentence is proper when sentencing on a nonviolent offense, Maeweather v. State, 599 So.2d 733 (Fla 1st DCA 1992) (felon in possession of a firearm), approved, 616 So.2d 16 (Fla.1993), and a life sentence is not required when a violent offender sentence is imposed for a first-degree felony. Burdick v. State, 594 So.2d 267 (Fla. 1992).
Therefore, the scoresheet error requires that we reverse Mason’s sentences; however, upon remand for resentencing, the trial judge has the option of imposing a habitual violent offender sentence.
Reversed and remanded.
RYDER, A.C.J., and FULMER, J., concur.