824 So.2d 330 (2002)
John W. MANN, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1771.
District Court of Appeal of Florida, Third District.
August 28, 2002.
*331 John W. Mann, in proper person.
Robert A. Butterworth, Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
COPE, J.
John W. Mann appeals an order denying his motion to correct illegal sentence. We conclude that the order denying relief must be reversed.
Defendant-appellant Mann was placed on probation for aggravated assault in Miami-Dade County Circuit Court case number 96-26121. In 1997, the defendant pled guilty to new crimes in Miami-Dade County Circuit Court case numbers 97-9198 and 97-12145. An affidavit of violation of probation was filed in the 1996 case.
Pursuant to a plea bargain, the defendant pled guilty in all three cases as a habitual violent felony offender ("HVO"). He was sentenced to incarceration followed by community control and probation including a residential alcohol treatment program.
In his motion to correct illegal sentence, the defendant challenges only the sentence in the 1996 case. He asserts that in the 1996 case, he does not actually qualify as an HVO. We agree.
The plea colloquy reflects that the basis for classifying the defendant as an HVO in all three casesincluding the 1996 case was the 1996 conviction for aggravated assault. This was impermissible as relates to the 1996 case.
In order to habitualize the defendant as an HVO in the 1996 case, the defendant would have to have a prior qualifying predicate offense. See § 775.084(1)(b)1.f., Fla. Stat (1995). The defendant had no pre-1996 offenses which would qualify him as an HVO in the 1996 case. The defendant's 1996 offense at conviction was aggravated assault, but the offense at conviction cannot serve as its own predicate offense for habitualization purposes.[*]
The State argues that we should deny relief because the defendant agreed to be adjudicated an HVO in the 1996 case (along with the 1997 cases) as part of a plea bargain. That is not a sufficient reason to deny relief.
In Bover v. State, 797 So.2d 1246 (Fla. 2001), the defendant entered a plea of no contest as a habitual offender. Subsequently, the defendant filed a motion to correct illegal sentence alleging that his predicate offenses did not satisfy the requirements of the habitual offender statute. Id. at 1248. The Florida Supreme Court stated that "[o]nly those defendants who meet the statutory criteria of the habitual offender statute qualify for sentencing as habitual offenders." Id. The court ruled that such a challenge can be brought by a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), so long as the error is apparent from the face of the record. Id. at 1248-49. Since the defendant did not actually qualify as a habitual offender, he was entitled to relief notwithstanding that the habitual *332 offender adjudication had been imposed pursuant to a plea agreement.
The State relies on Rodriguez v. State, 766 So.2d 1147 (Fla. 3d DCA 2000), and Yashus v. State, 796 So.2d 540 (Fla. 5th DCA 1999), but those cases do not involve the issue now before us.
For the stated reasons, the defendant is entitled to be resentenced on the 1996 conviction only. This ruling does not affect the sentences imposed in the two 1997 cases.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] The trial court was entirely correct in using the 1996 aggravated assault conviction as the HVO predicate offense for the two 1997 cases.