838 So.2d 1213 (2003)
Martin Luther McCRAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-2801.
District Court of Appeal of Florida, Third District.
March 5, 2003.
*1214 Martin Luther McCray, in proper person.
Charlie Crist, Attorney General, and Marni A. Bryson, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.

On Rehearing Denied
PER CURIAM.
Defendant-appellant Martin Luther McCray argues that under the oral pronouncement of his sentence, the counts on which he was sentenced as a habitual violent felony offender ("HVFO") should be fifteen years, not life with a mandatory minimum sentence of fifteen years. The defendant maintains that he is entitled to relief under Ashley v. State, 28 Fla. L. Weekly S 18, 2003 WL 60564 (Fla. Jan. 9, 2003).
At the sentencing hearing, the State asked that the defendant be adjudicated an HVFO and sentenced to life imprisonment with a mandatory minimum sentence of fifteen years. The defense argued that the defendant should be sentenced to fifteen years as an ordinary habitual offender ("HO").
In pronouncing sentence the court said:
The Court thinks this was a particularly violent and heinous crime. I'm going to sentence Mr. McCray as a habitual violent felony offender, provided with a 15 year minimum mandatory on each count that can be so sentenced on each count, one with the other.
TR. April 9, 1991, at 19.
It is obvious when the entire transcript is read in context, that there is a transcription error in the just quoted paragraph. Instead of "provided with" it is clear that the judge actually said "life with." We know that because the contemporaneous handwritten notes on the guidelines scoresheet, signed by the sentencing judge, states "[defendant] sentenced as Habitual Violent Offender to Life W/ 15 yr. Min. Mand. State Prison." The Ashley decision does not apply here. The trial court was entirely correct in so interpreting the sentencing transcript and denying postconviction relief.
Rehearing denied.