On Rehearing Denied

COPE, J.
On consideration of the motion for rehearing, we withdraw our previous opinion and substitute the following opinion:
John W. Mann appeals an order denying his motion to correct illegal sentence. He contends that his habitual violent felony offender sentence (“HVO”) is inconsistent with the trial court’s oral pronouncement at the sentencing proceeding. We conclude that the position of defendant-appellant Mann is without merit, and affirm the order denying relief.[1]
The defendant entered into a plea bargain in circuit court case numbers 96-26121, 97-9198, and 97-12145. He pled guilty in all three cases as a habitual violent felony offender (“HVO”) and was sentenced to a combination of community control, probation, and alcohol treatment. See Mann v. State, 824 So.2d 330 (Fla. 3d DCA 2002). Thus, as matters stood after the 1997 plea bargain, the defendant had already been adjudicated an HVO.
In 1998, the defendant was found to have violated his probation. At sentencing, both the State and the defense acknowledged that the defendant would be sentenced as an HVO, with the State arguing for a longer sentence and the defense arguing for a shorter sentence. TR., Oct. 6,1998, at 25-28.
When the trial court pronounced sentence, it stated the following:
THE COURT: Mr. Mann, I am going to sentence you as follows. In case number 96-26121, to ten years as an habitual offender with a five year minimum mandatory. In case number 97-9198 on Count I to twenty years as an habitual offender with a ten year minimum mandatory. On Count II, ten years with five year minimum mandatory to run concurrent. Sentence imposed in this case will run concurrent with the sentence imposed in the first case.
In case number 97-12145 to ten years with a five year minimum mandatory on Count I. Credit time served to Counts II and III. Ten years with a five year minimum mandatory on Count IV to run concurrent with Count I and concurrent with the sentences imposed in the other two cases.
Id. at 29.[2]
The defendant points out that in the above passage, the court pronounced sentence as a habitual offender (“HO”), and did not use the phrase, habitual violent offender. Thus, it is the defendant’s argument that he is entitled to have the sentencing order modified to be an HO sentence, not HVO, and eliminate the HVO mandatory minimum sentences. Under the circumstances of this case, we disagree.
First, the defendant had already been adjudicated an HVO at the time of his 1997 plea bargain. Both sides acknowledged at the sentencing proceeding that the sentence upon revocation of probation would *903 be as an HVO. The only dispute between the sides was what the length of the sentence should be.
Against that background, and in considering the nature of the sentence imposed, it is clear that the trial court merely mis-poke by stating that the sentence would be as a habitual offender, rather than stating as a habitual violent offender. We reach that conclusion not only for the reasons already stated, but also because the trial court imposed HVO mandatory minimum sentences upon revocation of probation.
Although the defendant relies on Ashley v. State, 850 So.2d 1265 (Fla. 2003), that case is not applicable here. In Ashley the State requested an HVO adjudication while the defense argued that the court had discretion to impose a lesser sanction. At a July 9, 1999 sentencing, the court sentenced Ashley as a habitual offender to twenty-five years in prison. The court did not impose a mandatory minimum sentence. Id. 850 So.2d at 1266. On July 12, 1999, Ashley was brought back to court and his sentence was increased. The court changed the sentence to be an HVO adjudication and added a ten-year mandatory minimum term. The Florida Supreme Court concluded that this amounted to an increase of Ashley’s sentence after he had begun to serve the sentence, thus violating double jeopardy principles. Id. 850 So.2d at 1267.
The present case is quite different. Here, the defendant was adjudicated to be an HVO in 1997; thus the 1998 sentence upon revocation of probation would likewise be as an HVO. It is clear that in saying the sentence was as a habitual offender, rather than an HVO, this was a mere slip of the tongue which did not give rise to a double jeopardy issue. See McCray v. State, 838 So.2d 1213 (Fla. 3d DCA 2003). The sentence was not increased after it was imposed, and thus there was no double jeopardy violation such as occurred in Ashley.
Affirmed.

. We have taken judicial notice of this court's files in Mann v. State, 824 So.2d 330 (Fla. 3d DCA 2002) and Mann v. State, 747 So.2d 943 (Fla. 3d DCA 1999).

. Subsequently this court vacated the HVO adjudication in circuit court case number 96-26121 and remanded for resentencing in that case only. Mann v. State, 824 So.2d at 331.
The motion to correct illegal sentence which is now before us was filed in circuit court case number 97-9198.