POLEN, J.
Appellant, Andrew Efraimson, has timely appealed the imposition of his resen-tence for attempted first degree felony murder[1] in which he was habitualized for the first time. Efraimson argues that the trial court violated his due process rights by resentencing him as a habitual felony offender based upon an alleged retroactive change in the interpretation of the law. See Marks v. U.S., 430 U.S. 188, 191-92, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Specifically, Efraimson contends, without support,- that his habitualization affected his gain time. However, we find Efraimson has not been adversely affected by either the enactment of a retroactive law or a retroactive judicial holding. We therefore affirm for the reason stated below.
Efraimson’s crime was committed in 1984. Once this court remanded Efraim-son’s sentence, the State properly notified him of its intent to seek habitualization. As such, pursuant to section 775.084(4)(a)(1), Florida Statutes (1983), after being habitualized, Efraimson could have received a life sentence. Notwithstanding, the trial court imposed a lesser sentence of thirty .years. There is no suggestion that this sentence is illegal. See Harris v. State, 645 So.2d 386 (Fla.1994) (holding trial court did not violate double jeopardy clause in imposing habitual offender sentence on remand after court had pronounced non-habitual sentence in original proceeding; defendant had no expectation of finality regarding his sentence). Rather, Efraimson argues that his habitu-alization negatively affects his gain time. However, Efraimson appears to be misguided. It was not until 1989 that the legislature amended section 775.084(4)(e), to provide: “A defendant sentenced under this section shall.not be eligible for gain-time granted by the Department of Corrections .... ” Accordingly, because the 1984 version of section 775.084 does not contain such provision, it has no affect on Efraimson. See Harris, 645 So.2d at 387 n. 3 (holding as a habitual offender, defendant will not be subject to provisions of § 775.084(4)(e) effecting gain-time granted by Department of Corrections which was enacted after his original sentencing). Any gain time will be calculated in accordance with section 944.275, Florida Stat *1004 utes (1983). Consequently, we find no ex post facto or due process violation. We are also unpersuaded by Efraimson’s remaining arguments.

Affirmed.

GUNTHER and HAZOURI, JJ., concur.

. The underlying felony was attempted burglary with a firearm. Efraimson v. State, 830 So.2d 189, 190 (Fla. 4th DCA 2002).