917 So.2d 1047 (2006)
Christopher CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2302.
District Court of Appeal of Florida, Fifth District.
January 13, 2006.
Christopher Carr, Bowling Green, pro se.
No Appearance for Appellee.
*1048 PALMER, J.
Christopher Carr (defendant) appeals the trial court's order denying his most recent rule 3.800 motion.[1] He again argues that his scoresheet was improperly calculated. Upon review, we conclude that the defendant has exhausted this court's patience and resources because his motion was frivolous and an abuse of process.
In a previous rule 3.800(a) proceeding, Carr v. State, 838 So.2d 700 (Fla. 5th DCA 2003), this court warned the defendant as follows:
In this proceeding, the second motion filed pursuant to rule 3.800(a), Carr asserts the trial court erred in calculating his juvenile record and arrests that did not result in a conviction. The trial court correctly denied his motion as successive. See McBride v. State, 810 So.2d 1019 (Fla. 5th DCA), rev. granted, 825 So.2d 935 (Fla.2002). It is improper and a waste of precious judicial resources for a defendant to file successive, repetitive motions for collateral relief, which have been considered by the trial and appellate courts on the merits and denied.
We warn Carr that additional collateral attacks on his convictions and sentences, if successive and improper, may result in sanctions, including an order from this court barring him from filing additional collateral attacks on those convictions and sentences without obtaining the co-signature and endorsement by a person licensed to practice law in this state.
Id. at 701.
Despite this warning, the defendant filed the instant rule 3.800(a) motion in which he again argued that the trial court improperly calculated his scoresheet, claiming that certain prior juvenile dispositions should not have been included as part of his prior record. The defendant also acknowledged that his instant motion "raises identical claims raised in earlier motions that were also appealed."
On September 7, 2005, this court issued an order determining that the defendant's instant appeal is "totally without merit" and directing him to show cause why he "should not be denied further pro se access to this Court for any proceeding to further attack the convictions and sentences rendered below." See State v. Spencer, 751 So.2d 47 (Fla.1999). The defendant filed a response in which he argued that he should not be barred from further access to this court because the instant rule 3.800(a) motion, unlike his two previous motions, relied upon his "recently unsealed PSI." However, the defendant's belated reliance upon the PSI should not excuse him from filing a third rule 3.800(a) motion raising a claim that has previously been raised and rejected. Also, contrary to his position, it is the sentencing guidelines scoresheet, not the PSI, that controls guidelines calculations. See Williams v. State, 658 So.2d 1249 (Fla. 4th DCA 1995).
By filing the instant motion, the defendant has chosen to ignore this court's warning and we conclude that he has failed to show sufficient cause why he should not be barred from further pro se access to this court with regard to the subject convictions and sentences. As this court stated in Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995): "Enough is enough."
Consequently, in order to conserve judicial resources, we prohibit the defendant from filing any additional pro se appeals, pleadings, motions and petitions relating to his convictions and sentences in the underlying case. Any further pleadings filed in this court relating to his convictions and sentences must be reviewed and signed by *1049 an attorney who is licensed to practice law in this state. The Clerk of this Court is directed to accept no further pro se filings or pleadings from Christopher Carr in Orange County, Ninth Judicial Circuit Court No. 1993-CF-07234. The Clerk of this Court is further directed to forward a certified copy of this opinion to the appropriate institution for disciplinary procedures. See Simpkins v. State, 909 So.2d 427 (Fla. 5th DCA 2005).
AFFIRMED; FUTURE PRO SE FILINGS PROHIBITED.
SHARP, W., and SAWAYA, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800.