LAWSON, J.
Lawrence J. Vickers appeals from the summary denial of his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), raising four issues. This is Vickers’ fifth appeal from the denial of 3.800 motions. All have alleged the same or similar claims attacking Vickers’ designation as a habitual felony offender, (“HFO”). The first three issues raised in this appeal again challenge Vickers’ HFO designation. We once again affirm the trial court’s denial of these claims, and caution Vickers that any further attempt to raise this issue again could result in sanctions, including a loss of gain time. See, e.g., Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005); see also § 944.279(1), Fla. Stat. (2006).
In his fourth claim, Vickers appears to allege that the sentence he received on resentencing in accordance with our mandate in Vickers v. State, 935 So.2d 1286 (Fla. 5th DCA 2006) (“Vickers IV”), on count II in ease number 2002-CF-482, failed to include the HFO designation. He claims that the sentence is illegal because it exceeds the five-year maximum penalty for a third-degree felony without the HFO enhancement. Because the trial court did not attach any documents refuting this claim, we cannot tell whether the resen-tencing documents reflect the HFO designation with respect to this count. Clearly, they should. Our directions in Vickers IV were to resentence Vickers on that count to a sentence not to exceed ten years. Implied in the mandate is a direction that the resentencing documents would again reflect the HFO designation. If by oversight the resentencing documents failed to reflect the HFO designation, they should be corrected. Therefore, we reverse as to Vickers’ fourth issue and remand with directions that the trial court either attach documents demonstrating that the HFO designation is properly reflected in the resentencing documents, or correct those documents to reflect that Vickers was sentenced on count II in case number 2002-CF-482 as an HFO.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PALMER, C.J., and THOMPSON, J., concur.