DAMOORGIAN, J.
Jimmie Smith appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. We affirm the trial court’s order and write to address our concern over Smith’s overuse and abuse of the post-conviction process.
In order to put our concern in perspective, the following case history is provided. In May 2001, Smith pleaded no contest to delivery of cocaine, possession of cocaine with intent to deliver/sell and resisting without violence in Broward Circuit Court case no. 00-15221 CF10A. He was sentenced to two years in prison followed by three years of probation. Smith violated the terms and conditions of his probation. In 2003, Smith’s probation was reinstated with modified terms and conditions. Smith violated probation a second time by picking up a charge for armed robbery with a firearm filed under case no. 04-5443 CF10A. He was also charged with another robbery with a firearm in case no. 04-5852 CF10A.
In 2004, Smith pleaded guilty to these new law violations and admitted to violating the terms of his probation in case no. 00-15221 CF10A. He was sentenced to: (a) a total of fifteen years in case 00-15221 CF10A; (b) fifteen years and one day as an habitual felony offender (HFO) in case 04-5443 CF10A, with a fifteen-year mandatory minimum as a prison releasee reof-fender (PRR); and (c) fifteen years and one day in prison as an HFO with a fifteen-year mandatory minimum as a PRR in case 04-5852 CF10A. The sentences were ordered to be served concurrently.
Smith moved to withdraw his pleas in 2004 pursuant to Florida Rule of Criminal Procedure 3.170(f), which the trial court denied that same year. In 2005, Smith filed his first motion for post-conviction relief under rule 3.850, raising five claims of ineffective assistance of trial counsel. The trial court summarily denied relief in 2006, and Smith appealed that order of denial. We per curiam affirmed the trial court’s order. Smith v. State, 940 So.2d 439 (Fla. 4th DCA 2006).
Smith also filed a habeas corpus petition in the trial court, arguing that the trial court lacked subject matter jurisdiction over him because the probable cause affidavit and affidavit to arrest were deficient. The trial court denied the petition in 2008. Smith appealed that denial to this court, and we per curiam affirmed the trial court’s order. Smith v. State, 4 So.3d 1240 (Fla. 4th DCA 2009).
Next, in 2008, Smith filed a second motion under rule 3.850, alleging a myriad of claims in connection with his convictions and sentences in the 2004 cases. These claims included: (1) the convictions were the product of fraudulent testimony by one of the investigating detectives; (2) Smith would not have entered his plea to the State’s offer of fifteen years if it were not for that fraudulent statement; (3) the assistant state attorney made false statements in his oath supporting the information filed in the 2004 charges; (4) the trial court lacked subject-matter jurisdiction to prosecute due to the fraudulent arrest affidavit; and (5) the trial court lacked subject-matter jurisdiction to prosecute him in the 2004 cases where the oaths supporting the informations were fraudulent.
*1216 The State’s response argued that the motion was patently untimely since the convictions and sentences became final in 2004. Moreover, Smith did not allege any of the grounds for exemption from rule 3.850(b)’s two-year time bar. The State also argued that the motion was successive, that Smith had previously raised many of these same grounds in his previous motions, and that his challenges were waived by virtue of his pleas to the offenses charged.
Our review of Smith’s extensive post-conviction litigation history leads us to the inescapable conclusion that Smith knew he was raising many challenges which could have been raised in his prior motion, and that his challenges were largely waived by virtue of his pleas. See Stano v. State, 520 So.2d 278, 280-81 (Fla.1988). Also, he knew or should have known that his most recent rule 3.850 motion was untimely.
We have previously sanctioned serial post-conviction relief litigants who file successive motions which abuse the post-conviction process. See McCutcheon v. State, 44 So.3d 156, 161-62 (Fla. 4th DCA 2010). We strongly caution Smith against future motions, petitions or appeals raising the same challenges to his convictions and sentences in these cases. Such future attempts will be met with referral to the appropriate institution for consideration of disciplinary procedures which may include forfeiture of gain time, see § 944.279(1), Fla. Stat. (2009), and issuance of an order to show cause why further sanctions barring pro se filings should not be imposed as well under State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999).

Affirmed.

WARNER and MAY, JJ., concur.