WALLACE, Judge.
Bobby Clark appeals from the trial court’s order denying his motion to correct sentencing error filed in accordance with Florida Rule of Criminal Procedure 3.800(b)(2). Because the sentence violates the Prison Releasee Reoffender Punishment Act (PRRPA), § 775.082(9), Fla. Stat. (2000), we reverse and remand for resentencing.
I. THE FACTUAL AND PROCEDURAL BACKGROUND
The State initially charged Clark with the offense of robbery with a firearm or other deadly weapon, § 812.13(2)(a), Fla. Stat. (2000), a first-degree felony punishable by life. The offense was alleged to have been committed in May 2001. Later, in accordance with a plea agreement, Clark pleaded guilty to simple robbery, § 812.13(2)(c), a second-degree felony. The trial court sentenced Clark under the agreement as a habitual felony offender (HFO) to a true split sentence of thirty years’ prison, suspended after fifteen years, with the remainder to be served on probation.[1] The trial court also imposed a concurrent fifteen-year mandatory minimum sentence under the PRRPA. This sentence was illegal because the incarcera-tive portion of the HFO sentence was equal to the minimum prison releasee reof-fender (PRR) sentence length, which is not permitted under the PRRPA. See Grant v. State, 770 So.2d 655, 658-59 (Fla.2000); Johnson v. State, 927 So.2d 251, 252 (Fla. 2d DCA 2006).
Clark filed a motion to correct illegal sentence in accordance with rule 3.800(a). The State conceded that the sentence was illegal; it suggested that the trial court could cure the problem by re-sentencing Clark to thirty years’ prison, suspending fourteen years and 364 days of the sentence, thereby making the incarcer-ative portion of the HFO term one day longer than the minimum PRR term. Instead, the trial court did the opposite, re-sentencing Clark to thirty years’ prison and suspending the last fifteen years and one day of the sentence, thus making the HFO portion of the sentence one day shorter than the PRR minimum. The resulting sentence is still illegal. “[I]f the incarceration portion of an HFO sentence does not exceed the PRR sentence, the sentences violate the PRR.” Johnson, 927 So.2d at 252 (citing Grant, 770 So.2d at 659). In addition, the trial court did not pronounce Clark’s HFO status at the re-sentencing hearing, and the HFO designa *224 tion was omitted from the second set of sentencing documents.
Clark appealed from the second sentence. While the appeal was pending, he filed a motion to correct sentencing error under rule 3.800(b)(2). Following a third sentencing hearing, the trial court corrected the sentencing documents to reflect Clark’s HFO status but failed to correct the sentence itself.
II. CLARK’S APPELLATE ARGUMENTS
On appeal, Clark makes two arguments. First, he argues, as he did in his 3.800(b)(2) motion, that when the trial court sentenced him the second time and failed to pronounce his HFO status, the trial court could not, at the third sentencing, reimpose his HFO status. For this reason, Clark concludes that he has been illegally sentenced to thirty years’ prison for a second-degree felony because he was not sentenced as an HFO. Alternatively, Clark contends that even if his HFO status survives the error in the second sentence, his sentence is still illegal because the incarcerative portion of the HFO sentence is less than the minimum PRR sentence. On Clark’s second argument, the State properly concedes error.
III. DISCUSSION

A. The Failure to Repronounce HFO Status at Resentencing

Addressing Clark’s first issue, we hold that the trial court’s inadvertent failure to orally pronounce Clark’s HFO designation at his second sentencing hearing did not prevent the trial court from subsequently correcting the error. See Vickers v. State, 967 So.2d 1060, 1061 (Fla. 5th DCA 2007) (allowing for correction of re-sentencing documents to reflect the HFO designation); Duhart v. State, 930 So.2d 654, 656 (Fla. 3d DCA 2006) (holding that the trial court’s failure to repeat the defendant’s HFO designation at the fourth sentencing hearing did not prevent the trial court from correcting the omission); Mann v. State, 851 So.2d 901, 903 (Fla. 3d DCA 2003) (holding that where the defendant was sentenced as a habitual violent felony offender [HVFO] in his original sentence, the subsequent omission of the word “violent” at resentencing was just a slip of the tongue and did not affect the defendant’s HVFO status).
In this case, the trial court properly pronounced Clark’s status as an HFO at his first sentencing hearing, and the HFO designation was properly noted in the written sentence. More important, Clark’s sentence resulted from a plea bargain. The State agreed to a reduction in the first-degree felony charge then pending against Clark in exchange for Clark’s plea of guilty to a second-degree felony as an HFO and a PRR. The trial court and the parties at the second sentencing hearing understood that Clark was being resen-tenced as an HFO although Clark had argued that the HFO portion of his sentence should be stricken. In addition, the sentencing scoresheet reflected the understanding that Clark was being resentenced as an HFO and a PRR.
We acknowledge that the Supreme Court of Florida has recently held that when a trial court failed to pronounce orally a defendant’s HFO status in imposing sentence following a violation of probation, the subsequent modification of the judgment and sentence to reflect the defendant’s HFO status violated double jeopardy, even though the original sentence properly contained the HFO designation. State v. Akins, 69 So.3d 261 (Fla.2011). Akins is distinguishable because the sentence under review in that case was a new, final, and legal sentence following a viola *225 tion of probation, not a correction of a prior illegal sentence. Here, there is no double jeopardy issue because there has never been a legal sentence. See State v. Collins, 985 So.2d 985, 989-90, 992-94 (Fla.2008) (explaining that resentencing is a de novo proceeding and that resentenc-ing as an HFO does not implicate double jeopardy concerns or violate due process). Moreover, Clark accepted his HFO and PRR status as part of his negotiated plea.

B. The Illegality of the Sentence

The State properly concedes that Clark’s sentence is an illegal sentence. “[I]f the incarceration portion of an HFO sentence does not exceed the PRR sentence, the sentences violate the PRR.” Johnson, 927 So.2d at 252 (emphasis added) (citing Grant, 770 So.2d at 659). The State’s suggestion to the trial court that it could impose a 30-year HFO sentence, suspending 14 years, 364 days of that sentence, while still retaining the 15-year PRR mandatory minimum sentence, would have resulted in a legal sentence in accordance with Grant. See, e.g., Smith v. State, 50 So.3d 1214, 1215 (Fla. 4th DCA 2010) (observing that the defendant had been sentenced to “fifteen years and one day in prison as an HFO with a fifteen-year mandatory minimum as a PRR” in two of his cases). Based on the transcripts, we speculate that the trial court may have intended to follow the State’s recommendation but inadvertently stated the opposite.
Clark contends that the trial court may not now resentence him to a sentence including both an HFO sentence and a PRR minimum sentence, because the only legal scenario would require increasing the ineareerative portion of the HFO sentence. Clark argues that an increase in the incar-cerative portion of the HFO sentence would amount to a double jeopardy violation. According to Clark, the proper remedy is to strike the HFO portion of the sentence. He cites Ashley v. State, 850 So.2d 1265 (Fla.2003), and Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996), in support of this argument. We disagree for the reasons explained by the Fifth District in Allen v. State, 853 So.2d 533 (Fla. 5th DCA 2003):
A court may not increase a “legal” sentence once the defendant has begun to serve the sentence. See[,] e.g.[,] Evans v. State, 675 So.2d 1012 (Fla. 4th DCA 1996) (once a legal sentence is imposed, jeopardy attaches and the defendant cannot be resentenced to a greater term of imprisonment), approved, Ashley v. State, 850 So.2d 1265 (Fla.2003). However, “[a] court may at any time correct an illegal sentence imposed by it.... ” Fla. R. Crim. [P.] 3.800(a)....
[[Image here]]
We distinguish Ashley ... in which the supreme court reversed an amended sentencing order imposing a mandatory minimum term, but in which the original sentence was valid. It does not offend double jeopardy principles to resentence a defendant to harsher terms when the original sentence was invalid, particularly when, as in the instant case, it is the defendant who brings his sentence into question.
Id. at 535-56 (third alteration in original) (emphasis added); see also Beech v. State, 436 So.2d 82, 83 (Fla.1983) (“[I]n correcting a voidable order of punishment for a criminal offense[,] a trial judge may impose a sentence of imprisonment no longer than the originally ordered combined period of incarceration and probation ... the sentences imposed in these cases did not deprive the petitioners of due process of law.” (emphasis added)); Forbert v. State, 437 So.2d 1079, 1081 (Fla.1983) (same); Harris v. State, 645 So.2d 386, 388 (Fla. *226 1994) (“[T]he Double Jeopardy Clause is not an absolute bar to the imposition of an increased sentence on remand from an authorized appellate review of an issue of law concerning the original sentence. Harris has not been deprived of any reasonable expectation of finality in his original sentence, nor has he been subject to repeated attempts to convict.”).
Thus, whether a trial court may resentence a defendant as both an HFO and a PRR by increasing the incarcerative portion of the HFO sentence depends on whether the sentence to be modified is a legal or an illegal sentence. If the original sentence was a legal sentence, a harsher sentence may not be imposed on resen-tencing. Wright v. State, 599 So.2d 179, 180 (Fla. 2d DCA 1992) (“The issue in this appeal is whether Wright’s first sentence was a legal sentence. If it was, double jeopardy prevents the trial court from imposing a harsher sentence at a subsequent hearing.”). But if the original sentence was an illegal sentence, at resentencing, the trial court may impose any sentence consistent with the sentencing laws in effect on the date of the offense, even if it results in a harsher sentence. Plute v. State, 835 So.2d 368, 369 (Fla. 2d DCA 2003) (“It is well established that a harsher sentence may be imposed on resentencing in such a context without violating double jeopardy.”); see also Peterson v. State, 974 So.2d 1082, 1084 (Fla. 2d DCA 2007) (same).
Other Florida district courts have reached the same conclusion. See James v. State, 845 So.2d 238, 240-41 (Fla. 1st DCA 2003):
We ... conclude that a trial court is not barred from accomplishing its original sentencing goals where a defendant successfully seeks to have a sentence overturned. This is true because there is no legitimate expectation of finality in a sentence a defendant seeks to overturn.
[[Image here]]
... The double jeopardy clause does not automatically preclude the imposition of any legal sentence after a successful appeal, irrespective of whether the new sentence is greater than the original.
(emphasis added) (footnote omitted) (citation omitted); Price v. State, 838 So.2d 587, 588 (Fla. 3d DCA 2003) (“[0]n resen-tencing the trial court may instead choose to impose a statutorily prescribed harsher sentence, if it so chooses.”); State v. Swider, 799 So.2d 388, 391 (Fla. 4th DCA 2001) (“A trial court may vacate an illegal sentence and impose a harsher sentence without violating the defendant’s double jeopardy rights.”); Palmer v. State, 182 So.2d 625, 626 (Fla. 4th DCA 1966) (“Where a sentence still being served by a defendant is vacated on his motion, he cannot complain if he is later sentenced to punishment harsher than that originally imposed.”).[2]
In this case, Clark has never had the benefit of a legal sentence. Therefore, on remand, the trial court may again resen-tence him as both an HFO and a PRR, *227 even if the resulting sentence is harsher than that originally imposed, without violating double jeopardy principles.
IV. CONCLUSION
For the foregoing reasons, we reverse Clark’s sentence and remand for a new sentencing hearing in accordance with this opinion. Clark must be present for resen-tencing. If the trial court again imposes a split HFO sentence, the incarcerative portion of the HFO sentence must exceed the PRR mandatory minimum sentence. See Johnson, 927 So.2d at 252 (“We reiterate, section 775.082(9)(e) provides that ‘[n]oth-ing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law ....’” (alterations in original)).
We recognize that an increase in the incarcerative portion of Clark’s HFO sentence would not be what Clark bargained for when he entered his negotiated guilty plea. Accordingly, on remand, Clark must be given an opportunity to withdraw his plea. If he elects to do so, the State may try Clark on the original charge. See For-bert, 437 So.2d at 1081.
Reversed and remanded.
WHATLEY and CRENSHAW, JJ., Concur.

. A true split sentence "consistís] of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion.” Poore v. State, 531 So.2d 161, 164 (Fla.1988).

. We observe that certain language appearing in this court’s opinion in Pate v. State, 908 So.2d 613 (Fla. 2d DCA 2005), may be read to imply the opposite conclusion. But Pate involved the resentencing of a defendant after the trial court reduced his sentence and ordered his release from prison. This was a clear violation of double jeopardy and is distinguishable from the facts in this case. "Once a sentence has already been seived, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence.” Maybin v. State, 884 So.2d 1174, 1175 (Fla. 2d DCA 2004) (emphasis added) (citing Sneed v. State, 749 So.2d 545 (Fla. 4th DCA 2000)).