PER CURIAM.
Charles Robert Williams, III, appeals from his judgment and sentence on six related charges, entered following his plea of guilty to each charge. Only one issue merits discussion. With respect to the most serious charge, burglary of a dwelling, the trial court imposed a sentence of fifteen years in prison “as a prison release reoffender [‘PRR’] and habitual [felony] offender [‘HFO’].”[1] Because the PRR *354 statute does not permit the imposition of an HFO sentence of the same length as a PRR sentence on the same charge, see Grant v. State, 770 So.2d 655, 658-59 (Fla.2000), we reverse the sentence on the burglary of a dwelling charge, and remand for further proceedings. Although a trial court in these circumstances could normally cure the illegality by imposing a longer HFO sentence on remand, see, e.g., Clark v. State, 72 So.3d 222 (Fla. 2d DCA 2011), doing so in this case would violate the negotiated plea agreement (which capped the sentence at fifteen years). As such, the trial court will either need to strike the HFO designation as to the burglary of a dwelling charge or, if the State or trial judge insist on a longer HFO sentence, allow Williams to withdraw his plea. See Goins v. State, 672 So.2d 30, 32 (Fla.1996) (“[W]hen a trial judge cannot honor a plea bargain the judge must affirmatively offer the defendant the right to withdraw the plea ....”) ■
AFFIRMED IN PART, REVERSED IN PART.
GRIFFIN, PALMER and LAWSON, JJ., concur.

. We have quoted directly from the trial court’s pronouncement of sentence on the burglary of a dwelling charge. On appeal, the State argues that the trial judge did not impose an HFO sentence on this charge, an argument that is clearly belied by the record as evidenced by the language quoted above. In addition, the sentencing documents as to this count also unambiguously reflect both the HFO designation and the PRR designation. As for the other charges, the trial court im *354 posed lesser concurrent sentences about which no issue has been raised on appeal.