FERNANDEZ, J.
Martin Luther McCray petitions for ha-beas corpus relief, contending that his judgment of conviction is void and illegal, that his sentence expired eight years ago pursuant to the oral pronouncement, and that his detention is a grave manifest injustice.[1] This Court denied McCray’s emergency petition on the merits, after which he filed numerous other filings where he again challenged his conviction and sentence. We conclude that McCray’s petition and subsequent filings are improper, frivolous, and a waste of judicial resources, such that he is enjoined from filing further pro sé filings that relate to his conviction and sentence in lower tribunal case number 90-38756.

Factual and Procedural History

McCray has an extensive and complex history of filings in this Court. He first filed an appeal in this Court in 1991. This Court affirmed on September 29, 1992. McCray v. State, 605 So.2d 174 (Fla. 3d DCA 1992). McCray next appealed the denial of his motion for post-conviction relief, in which he argued that under the oral pronouncement of his sentence, the counts on which he was sentenced as a habitual violent felony offender should have been fifteen years, not life with a mandatory minimum sentence of fifteen years. This *35 Court affirmed. and denied rehearing. McCray v. State, 838 So.2d 1213 (Fla. 3d DCA 2003). McCray appealed this decision to the Florida Supreme Court, who denied review. McCray v. State, 857 So.2d 196 (Fla.2003).
McCray filed appeals in 2004 and 2005. This Court affirmed the appeal and denied habeas corpus relief. McCray v. State, 871 So.2d 888 (Fla. 3d DCA 2004)[2]; McCray v. State, 900 So.2d 565 (Fla. 3d DCA 2005). McCray sought review before the Florida Supreme Court, which dismissed the petitions for mandamus and habeas corpus relief. McCray v. State, 908 So.2d 1057 (Fla.2005); McCray v. State, 913 So.2d 597 (Fla.2005).
In 2006 and 2007, McCray filed appeals. This Court affirmed the 2006 appeal, McCray v. State, 946 So.2d 1076 (Fla. 3d DCA 2006), after which McCray sought review before the Florida Supreme Court who denied relief. McCray v. State, 946 So.2d 1070 (Fla.2006). This Court likewise denied the petitions filed in 2007. McCray v. McDonough, 955 So.2d 35 (Fla. 3d DCA 2007); McCray v. State, 959 So.2d 268 (Fla. 3d DCA 2007). The Florida Supreme Court also denied McCray’s 2007 petition. McCray v. McDonough, 973 So.2d 1122 (Fla.2007).
McCray filed appeals in 2008 and 2009. This Court denied McCray’s requests for relief. McCray v. State, 990 So.2d 1077 (Fla. 3d DCA 2008); McCray v. State, 3 So.3d 1263 (Fla. 3d DCA 2009). The Florida Supreme Court likewise denied McCray’s requests for relief. McCray v. McNeil, 984 So.2d 1250 (Fla.2008); McCray v. McNeil, 20 So.3d 849 (Fla. 2009).
McCray again requested relief in 2010 and 2013. This Court denied his requests for relief. McCray v. State, 36 So.3d 107 (Fla. 3d DCA 2010); McCray v. State, 50 So.3d 1147 (Fla. 3d DCA 2010); McCray v. Dep’t of Corrections, 107 So.3d 420 (Fla. 3d DCA 2013)[3]; McCray v. State, 121 So.3d 1082 (Fla. 3d DCA 2013). The Florida Supreme Court also denied relief. McCray v. Buss, 60 So.3d 1055 (Fla.2011).
On October 31, 2013, McCray petitioned this Court for habeas corpus relief. He argued manifest injustice because his sentence had long expired eight years ago. This Court denied the petition on November 5, 2Ó13.
On November 7, 2013⅛ McCray filed an emergency motion in this Court based on newly discovered evidence. He argued that the court reporter’s affidavit was newly discovered evidence that required- this Court to quash its opinion in McCray, 838 So.2d 1213. Shortly thereafter, on November 18, 2013, McCray filed a motion for rehearing and motion to quash. This Court denied all motions on November 22, 2013.
McCray then filed an emergency supple[1] mental motion for rehearing/clarification to "correct manifest injustice/clarification on November" 26, 2013 and a "motion for corrected opinion to correct manifest injustice on December 2, 2013. McCray made claims identical to the claims he raised in his habeas corpus petition that this Court denied on the merits on November 5, 2013. McCray argued that his sentence is a manifest injustice. This Court struck the motion for rehearing/clarification as unauthorized and ordered McCray *36 to file a response within thirty days to show cause why this Court should not prohibit him from further pro se filings regarding his conviction and sentence below. McCray continued to file motions with this Court and failed to show cause.

Analysis

Enjoining a defendant from further pro se filings is a serious sanction. State v. Spencer, 751 So.2d 47, 48 (Fla. 1999). Therefore, it is important to provide notice and an opportunity to respond before preventing a pro se defendant from further challenging his or her conviction and sentence. Id. Where á defendant files successive motions raising an identical claim' and fails to show cause, the court may enjoin the defendant from filing further pro se filings relating to the underlying convictions and sentences. See Carr v. State, 917 So.2d 1047 (Fla. 5th DCA 2006); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995). Also, belated reliance on newly made available evidence should not excuse the defendant from repeatedly filing motions raising a claim that has previously been raised and rejected. Carr, 917 So.2d at 1048.
McCray has failed to show cause why this Court should not prohibit him from filing further pro se appeals, petitions or motions regarding his conviction and sentence below. This Court already considered McCray’s habeas corpus petition where he argued that his conviction and sentence were a manifest injustice. This Court rejected McCray’s argument on its merits. From that disposition, McCray filed several motions, all of which raised the same claim that this Court rejected in his habeas corpus petition. This Court then provided McCray with notice and an opportunity to respond why this Court should not prohibit him from further pro se filings. McCray failed to show cause.
The fact that McCray produced a newly made available affidavit from the court stenographer present in McCray, 838 So.2d 1213, does not excuse him from filing a motion raising a claim already heard and rejected. See Carr, 917 So.2d at 1048. The affidavit does not state anything substantively different from what was heard and decided in McCray, 838 So.2d at 1214, that is to say, “provided with” was mere transcript error for “life with” in the sentencing hearing for McCray, and the life with a fifteen-year minimum sentence was correct.

Conclusion

Therefore, McCray is prohibited from filing further pro se appeals, petitions or motions in lower tribunal case number 90-38756. We direct the Clerk of the Third District Court of Appeal to refuse acceptance of any papers in case number 90-38756 unless such pleadings are signed by an attorney who is a duly licensed member of the Florida Bar in good standing. See Johnson v. State, 915 So.2d 682, 684 (Fla. 3d DCA 2005) (ordering, after repeated denials of frivolous pro se filings, that any future papers filed be reviewed and signed by an attorney licensed to practice law).

. McCray first petitioned the Fifth District Court of Appeal, who transferred the cause to this Court for disposition.

. McCray also sought relief, pursuant to rule 3.800, Florida Rule of Criminal Procedure, on July 2, 2004. This Court affirmed on August 11, 2004 and denied rehearing on May 6, 2005. See 3D04-1675.

. McCray again sought relief, pursuant to rule 3.800, Florida Rule of Criminal Procedure, on March 25, 2013. This Court denied his peti.tion on March 28, 2013. See 3D13-810.