827 So.2d 278 (2002)
Ronnie TOLBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3477.
District Court of Appeal of Florida, Second District.
August 16, 2002.
Rehearing Denied October 1, 2002.
Ronnie Tolbert, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant *279 Attorney General, Tampa, for Appellee.
FULMER, Judge.
Ronnie Tolbert appeals the summary denial of his motion to correct an illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm because we disagree with Tolbert's argument that the Florida Supreme Court's decision in Grant v. State, 770 So.2d 655 (Fla.2000), applies in his case.
Tolbert entered negotiated pleas and was sentenced in November 1999 in three cases. In cases 98-19392 and 99-18660, Tolbert agreed to a sentence of sixty months' as a prison releasee reoffender ("PRR").[1] In case 99-20146, Tolbert agreed to sixty months' as a habitual felony offender ("HFO").[2] In April 2001, Tolbert filed his motion to correct sentence citing Grant, which held that equal concurrent sentences with both HFO and PRR designations were not authorized under the Prison Releasee Reoffender Punishment Act. § 775.082(8), Fla. Stat. (1997). Tolbert requested the trial court to resentence him as an HFO only.
The trial court held a hearing on the motion, at which the State argued that Tolbert was not entitled to relief because the HFO and PRR designations were imposed in separate cases, not the same case as in Grant. The trial court denied the motion, stating that the sentence was lawful.
On appeal, the State has abandoned its original position and now concedes that Tolbert's sentences are not authorized pursuant to Grant. However, the State asserts that Tolbert is not entitled to relief because he agreed to his sentences pursuant to his negotiated plea.
We reject the argument presented by the State on appeal and we decline to accept the State's concession that Grant precludes the sentencing scheme under review. We agree with the argument that the State advanced in the trial court and with the trial court's conclusion that the sentences are lawful. Although Grant precludes the imposition of both an HFO and a PRR designation on the same offense, it does not preclude imposition of an HFO sentence and a PRR sentence on different offenses even if those sentences are imposed during the same sentencing hearing. Therefore, because Tolbert did not receive the dual designations on any single offense, the principle announced in Grant was not violated in this case.
Affirmed.
BLUE, C.J., and CASANUEVA, J., Concur.
NOTES
[1] § 775.082(8), Fla. Stat. (1997), and § 775.082(9), Fla. Stat. (1999), respectively.
[2] § 775.084, Fla. Stat. (1999).