837 So.2d 1080 (2003)
Phillip A. WEBSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3667.
District Court of Appeal of Florida, Second District.
February 7, 2003.
DAVIS, Judge.
Phillip Webster challenges the order of the trial court denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Webster raised two grounds for relief in his motion. We affirm the order of the trial court since Webster's first claim is facially insufficient and his second claim is meritless.
In his first ground, Webster alleged that he was illegally sentenced as both a habitual felony offender (HFO) and a prison releasee reoffender (PRR) "for one criminal episode." Such a sentence is illegal for purposes of rule 3.800(a) if a defendant received both HFO and PRR designations for the same offense. See Tolbert v. State, 827 So.2d 278 (Fla. 2d DCA 2002). The trial court, in denying Webster's motion, did not address this claim. However, Webster did not present a facially sufficient claim. A PRR designation is only applicable where the defendant has committed *1081 an enumerated offense. See § 775.082(8)(a)(1), Fla. Stat. (1997). It does not apply to all offenses. Clearly, a defendant could, in one single episode, commit an offense that is subject to a PRR designation and commit another offense that is not subject to a PRR designation but is subject to an HFO designation. Neither Webster's motion nor the trial court's order tells us anything regarding the offense or offenses for which Webster was sentenced. Because Webster did not allege that he received both PRR and HFO designations for a single offense, his claim is facially insufficient. Our affirmance on this issue is without prejudice to any right Webster might have to present a facially sufficient claim that he was illegally sentenced as both a PRR and an HFO on the same offense.
In his second ground, Webster claims that his sentence or sentences are illegal pursuant to Taylor v. State, 818 So.2d 544 (Fla. 2d DCA), review dismissed by 821 So.2d 302 (Fla.2002). Taylor held that chapter 99-188, Laws of Florida, was unconstitutional since it was enacted in violation of the single subject rule. Chapter 99-188 amended portions of both the HFO and PRR statutes. In his motion, Webster alleges that he was sentenced in January 1988. This was prior to the enactment of chapter 99-188. See Taylor. Accordingly, we affirm the denial of this claim.
Affirmed.
NORTHCUTT and SALCINES, JJ., Concur.