ALTENBERND, Chief Judge.
Theron Martin appeals his judgments and sentences for aggravated battery with a firearm and aggravated assault. He argues that he cannot be sentenced as both a prison releasee reoffender and a habitual offender for a single conviction. We conclude that the language Mr. Martin relies on in Tolbert v. State, 827 So.2d 278 (Fla.2d DCA 2002), and Webster v. State, 837 So.2d 1080 (Fla. 2d DCA 2003), is taken out of context. Because the sentences are authorized by Grant v. State, 770 So.2d 655 (Fla.2000), we affirm.
The State charged Mr. Martin with attempted first-degree murder and aggravated assault with a firearm for events occurring on September 15, 2001. The State filed a notice of qualification as a prison releasee reoffender and a notice of intent to seek enhanced punishment as a habitual offender. Thereafter, Mr. Martin entered into a negotiated plea to be sentenced for the lesser offense of aggravated battery with a firearm. For this offense, he agreed to a thirty-year sentence of imprisonment as a habitual offender with a twenty-five-year minimum mandatory term for use of the firearm and a fifteen-year minimum mandatory term as a prison releasee reoffender. He also pleaded guilty to the charge of aggravated assault with a firearm and received a shorter concurrent term of imprisonment for that offense.
In this appeal, Mr. Martin challenges his sentence for aggravated battery. The sentence, however, is authorized by statute. See §§ 775.082(3)(c), ,084(4)(a), ,087(2)(a)(3), Fla. Stat. (2001). Mr. Martin argues that he cannot be sentenced as both a prison releasee reoffender and as a habitual offender for the aggravated battery. Under the holding in Grant, 770 So.2d 655, he can receive both enhancements to his sentence so long as the habit *662 ual offender sentence is longer than, not equal to or shorter than, the term required as a prison releasee reoffender.
Mr. Martin relies exclusively on two cases, Tolbert, 827 So.2d 278, and Webster, 837 So.2d 1080. Tolbert involved a defendant who received a prison releasee reof-fender sentence that was equal in length to his habitual offender sentence, but the sentences were imposed for separate offenses. In dicta, that opinion includes the phrase, “Although Grant precludes the imposition of both an HFO and a PRR designation on the same offense.” Tolbert, 827 So.2d at 279. Because of the facts in Tolbert, the opinion did not qualify this statement with language such as “when the HFO term is equal to or less than the PRR term.” The same is true in Webster. In neither case did this court intend to conflict with Grant, and in both cases our ruling followed Grant. Accordingly, neither Tolbert nor Webster provides any basis for relief for Mr. Martin. We therefore affirm Mr. Martin’s judgments and sentences.
Affirmed.
WHATLEY, J., and DANAHY, PAUL W., Senior Judge, Concur.