ALTENBERND, Chief Judge.
Ismael Morales appeals an order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct an illegal sentence. We reverse. After concluding that Mr. Morales’ sentences were legal and denying the motion to correct sentence, the trial court ordered that Mr. Morales’ legal sentences be amended. The amendment added fifteen years’ imprisonment to the sentences. We reverse both the order denying the motion and the amended sentences.
Our review is complicated by the fact that the attachments to the order on appeal do not include the original sentences and include matters that seem to relate to another, earlier postconviction motion. In his motion, which was filed on May 5, 2004, Mr. Morales challenged only his sentence for count II in case number 97-11478. In that case, he claims that he was convicted in October 1998 of (1) attempted burglary of a dwelling, (2) burglary of a dwelling, and (3) possession of burglary tools. He claims that he received sentences as a habitual offender for all three counts. As to count II, he claims that he received a true split sentence of thirty years’ incarceration, suspended after fifteen years and followed by seven years’ probation. For that count he was also designated a prison releasee reoffender and received a fifteen-year minimum mandatory term.
Mr. Morales’ narrow issue in this proceeding is whether a PRR designation can be imposed when a habitual offender sentence is longer than the PRR term, but it is suspended at a length of incarceration equal to the PRR term. We are unaware of any case law directly resolving this issue. However, Mr. Morales’ argument is supported to some extent by the Fifth District’s opinion in Lewis v. State, 751 So.2d 106 (Fla. 5th DCA 1999). Apparently, if the incarcerative portion of the split sentence were one day longer, there would be no issue that the components of this sentence were legal. Id. at 107; see also Martin v. State, 888 So.2d 661 (Fla. 2d DCA 2004).
We do not reach the substance of Mr. Morales’ argument because our record does not contain the challenged sentence. The trial court claims that the sentence for count II is not a true split sentence and that the components of this sentence are legal as a result of this fact. Without a copy of the original sentence it is impossible for this court to fully evaluate the trial court’s analysis. We note, however, that the trial court attached a page from the sentencing hearing at which it appeared to impose a true split sentence. The trial court seems to be confused about the nature of a sentence where the period of probation that replaces the term of incarceration is shorter than the term of incarceration. Although it is true that a typical true split sentence replaces the term of incarceration with a term of probation equal in length, the statutes and case law do not prohibit a shorter term of probation. Compare Wardlaw v. State, 832 So.2d 258 (Fla. 2d DCA 2002), with State v. Powell, 703 So.2d 444, 446 (Fla.1997) (holding “[a] trial court may also impose a true split sentence in which the period of community control and probation is shorter than the suspended portion of incarceration”); see also § 948.01(11), Fla. Stat. (1997).
After the trial court denied this motion, it had no reason or lawful basis to issue an amended sentence. Yet, for some reason, the trial court ordered amendments to all three sentences in case number 97-11473. As to count II, the trial court ordered a thirty-year term of imprisonment followed by seven years’ probation. This is a fifteen-year increase in the term of imprisonment without explanation. Assuming that *1034 the relevant burglary is a second-degree felony, it is also a sentence in excess of the legal maximum.
Accordingly, we reverse and remand for the trial court to reinstate the original sentences and to review Mr. Morales’ 3.800(a) motion again.
Reversed and remanded.
WHATLEY and STRINGER, JJ., Concur.