927 So.2d 251 (2006)
Ralph A. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D05-4344, 2D05-5701.
District Court of Appeal of Florida, Second District.
May 5, 2006.
LaROSE, Judge.
Ralph A. Johnson appeals the postconviction court's orders denying two of his motions to correct illegal sentences filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because his two rule 3.800(a) motions concern the same claim, we consolidate his appeals sua sponte. The postconviction court determined that Mr. Johnson's sentences did not violate the Prison Releasee Reoffender Punishment Act (PRR), § 775.082(9)(a), Fla. Stat. (1999). We reverse and remand for resentencing.
In 1999, a jury convicted Mr. Johnson of robbery and battery on a person sixty-five years of age or older. For the robbery count, the trial court sentenced Mr. Johnson as a habitual felony offender (HFO), see § 775.084(1), Fla. Stat. (1999), to thirty years in prison, suspended after fifteen years, with the remainder to be served on probation. This was a true split sentence.[1] The trial court also imposed a *252 concurrent fifteen-year mandatory minimum sentence under the PRR. For the battery count, the trial court sentenced Mr. Johnson as an HFO to a concurrent ten-year prison term.
Mr. Johnson argues that the sentences for the robbery count violate the PRR because the incarceration period for each sentence is equal. See Grant v. State, 770 So.2d 655 (Fla.2000). Mr. Johnson's claim meets the definition of an illegal sentence under Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). Because Mr. Johnson's total HFO sentence (thirty years) exceeds his total PRR sentence (fifteen years), the postconviction court found Mr. Johnson's sentences to be legal. We disagree.
In Grant, the defendant argued that his concurrent fifteen-year HFO and PRR sentences for sexual battery violated his double jeopardy rights. Id. at 657. The supreme court rejected this argument. Id. at 658. However, the supreme court concluded that the sentences violated the PRR because the HFO and PRR sentences were equal in length. Id. at 659. The supreme court observed that, under the PRR, "`[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to [the HFO statute] or any other provision.'" Id. at 658 (citing § 775.082(8)(c), Fla. Stat. (1997), now § 775.082(9)(c)) (emphasis supplied). Consequently, concurrent HFO and PRR sentences for the same offense are permissible when the incarceration period of the HFO sentence exceeds the PRR sentence. Id. at 658-59.
The sentences in Grant involved equal periods of incarceration under the HFO and PRR. Grant's reasoning is equally applicable to a true split sentence. We reiterate, section 775.082(9)(c) provides that "[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law. . . ." Thus, if the incarceration portion of an HFO sentence does not exceed the PRR sentence, the sentences violate the PRR. See Grant, 770 So.2d at 659; Morales v. State, 901 So.2d 1032, 1033 (Fla. 2d DCA 2005).
Because the incarceration portion of Mr. Johnson's HFO sentence equals his PRR sentence, we reverse and remand for resentencing.
Reversed and remanded.
WHATLEY and KELLY, JJ., Concur.
NOTES
[1] A true split sentence "consist[s] of a total period of confinement with a portion of the confinement period suspended and the defendant placed on probation for that suspended portion." Poore v. State, 531 So.2d 161, 164 (Fla.1988), superseded by statute on other grounds as recognized in Crews v. State, 779 So.2d 492 (Fla. 2d DCA 2000).