SILBERMAN, Judge.
 

 Hardy James Jr. appeals from the summary dismissal of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In grounds 1 through 3 of his motion, James asserted that a discrepancy between the oral pronouncement and written sentences on counts 1 through 3 for carjacking, robbery by sudden snatching, and attempted robbery rendered his sentences illegal. In ground 4 of his motion, James raised an issue concerning the legality of his sentence on count 4, fleeing to elude with wanton disregard. We emphasize that there is no error in the postcon-viction court’s order and write only to explain why the written sentences imposed in counts 1 through 4 are not illegal. We affirm the postconviction court’s order on grounds 5 and 6 without discussion.
 

 At the sentencing hearing in 2001, the trial court, reluctantly finding that James qualified for both prison releasee reoffen-der (PRR) and habitual felony offender (HFO) sentencing for his convictions on counts 1 through 3, orally imposed concurrent sentences with both designations. The written sentences as rendered, however, reflected a PRR designation only on
 
 *754
 
 the thirty-year sentence for count 1, carjacking. The sentences in counts 2 and 3 — five years each for robbery by sudden snatching and attempted robbery — reflected no PRR or HPO designations. Thus, when James raised an issue of the impropriety of the imposition of equal concurrent PRR and HFO sentences in his direct appeal, this court affirmed on the ground that “the record indicates that James received a thirty-year minimum mandatory sentence as a prison releasee reoffender, but he was not also sentenced as a habitual offender” on count 1.
 
 James v. State,
 
 829 So.2d 271, 271 (Fla. 2d DCA 2002).
 

 James then raised this issue of discrepancy between the oral pronouncement and the written sentence in a prior 3.800(a) motion. The postconviction court found in its September 2007 order that there was no habitual offender status to be vacated on counts 1 through 3, citing our opinion in
 
 James.
 
 Furthermore, the postconviction court declared James’s motion moot as to the oral-written discrepancy because the judgment and sentence did not actually reflect coincident PRR and HFO designations on counts 1 through 3. James appealed, and this court affirmed.
 
 James v. State,
 
 980 So.2d 1075 (Fla. 2d DCA 2008) (table decision).
 

 Thus, the postconviction court’s summary dismissal of claims 1 through 3 in the current motion was entirely proper. “A defendant who has already had a rule 3.800(a) illegal sentence claim determined against him is collaterally estopped from relitigating the same claim except where the application of collateral estoppel would result in a manifest injustice.”
 
 Knight v. State,
 
 6 So.3d 733, 734 n. 1 (Fla. 2d DCA 2009). Although the trial court orally pronounced an illegal sentence, the written sentence corrected that illegality, and nothing remains for James to attack in a rule 3.800(a) motion.
 

 James also contends that his sentence on count 4 — a five-year HFO sentence to run concurrent with his sentences in counts 1 through 3 — is illegal because it runs concurrent with the thirty-year PRR sentence on count 1. This court has held that PRR and HFO sentences can legally be imposed — even during the same sentencing hearing — for separate offenses.
 
 Tolbert v. State,
 
 827 So.2d 278 (Fla. 2d DCA 2002) (holding although imposition of PRR and HFO designations on the same offense are precluded by the supreme court’s opinion in
 
 Grant v. State,
 
 770 So.2d 655 (Fla.2000), the prohibition does not apply to the sentencing for separate offenses during the same proceeding).
 

 Accordingly, we affirm the postconviction court’s order.
 

 VILLANTI and CRENSHAW, JJ, Concur.