NORTHCUTT, Judge.
 

 In several motions pursuant to Florida Rule of Criminal Procedure 3.800, Dennis Stark challenged the legality of the sentences imposed following his burglary convictions. The postconviction court granted Stark’s motions and resentenced him. But the new sentence was, again, illegal. Therefore, we reverse and remand for re-sentencing.
 

 Stark entered open guilty pleas to several charges, including two separate charges of burglary of a dwelling. He challenges only the sentences imposed for the burglaries. At sentencing, the court orally announced that Stark would be sentenced for these crimes as both a prison releasee reoffender and a habitual felony offender. For each of the burglaries, the court orally imposed a fifteen-year minimum mandatory PRR prison term and a concurrent thirty-year HFO term, the last fifteen years of the latter to be suspended and served on probation.
 

 For some reason the original sentencing documents omitted the PRR and HFO designations. Stark, however, filed a rule 3.800(a) motion asserting that the orally pronounced sentences were illegal under the Prison Releasee Reoffender Punishment Act (PRRPA) because the incarcera-tive portions of the concurrent HFO sentences did not exceed the PRR terms.
 
 See
 
 § 775.082(9)(c), Fla. Stat. (2002);
 
 Grant v. State,
 
 770 So.2d 655, 659 (Fla.2000) (holding that imposing equal, concurrent incar-cerative terms as a PRR and a HFO violates the PRRPA);
 
 Johnson v. State,
 
 927 So.2d 251, 252 (Fla. 2d DCA 2006) (stating that HFO term of thirty years’ imprison
 
 *208
 
 ment, suspended after fifteen years, to be served concurrently with a fifteen-year PRR term violated the PRRPA);
 
 Michel v. State,
 
 935 So.2d 1228, 1230 (Fla. 5th DCA 2006).
 

 When considering Stark’s motion, the postconviction court recognized that both the orally pronounced sentences and the sentences as written were problematic. The sentences as orally pronounced were illegal because they included equal concurrent PRR and HFO incarcerations. The written sentences were erroneous because they did not comport with the orally pronounced sentences, and they were illegal because, without the omitted HFO sentencing enhancements, the thirty-year terms exceeded the maximum permissible sentences for second-degree felonies.
 
 [1]
 

 See
 
 § 775.082(3)(c) (stating that the maximum sentence for a second-degree felony is fifteen years’ imprisonment);
 
 Williams v. State,
 
 744 So.2d 1156 (Fla. 2d DCA 1999) (holding that if a discrepancy exists between the oral pronouncement of sentence and the written sentencing documents, the documents must be corrected to conform to the oral imposition of sentence).
 

 To correct these problems, the court resentenced Stark only as a HFO on one of the burglaries and imposed a thirty-year sentence, to be suspended after fifteen years. On the other, separate burglary conviction, the court resentenced Stark only as a PRR, to the minimum mandatory term of fifteen years’ imprisonment. Stark filed a rule 3.800(b) motion challenging the resentencing because he had not been present. The court again granted Stark’s motion and held yet another resen-tencing hearing.
 

 At the second resentencing hearing Stark’s counsel argued that the court’s new sentencing scheme was illegal because the State had sought PRR enhancement as to both charges. He pointed out that when the State invoked the PRR statute and proved that Stark qualified as a PRR, a PRR sentence became mandatory. Thus, Stark claimed, the court had no discretion to forgo sentencing him as a PRR on one of the burglary charges, as the court had attempted to do at the first resentencing hearing. The postconviction court apparently agreed with this argument because it returned to the original sentencing scheme, imposing fifteen-year PRR and thirty-year HFO sentences on both burglary counts. However, in order to avoid the problem with the original sentencing arrangement, the court lengthened the incarcerative terms of the HFO sentences. It ordered the HFO sentences suspended after fifteen years and one month, such that the HFO incarcerations exceeded the PRR sentences.
 

 Stark then filed yet another motion to correct sentencing error, arguing that by extending the incarcerative portions of the HFO sentences, the court had impermissi-bly increased his sentences after he had begun serving them. The court denied that motion, and this appeal followed.
 

 As the State concedes, Stark is correct. Increasing a sentence after the defendant has begun serving it violates the constitutional prohibition against double jeopardy.
 
 See Ashley v. State,
 
 850 So.2d 1265, 1267 (Fla.2003);
 
 Pate v. State,
 
 908 So.2d 613, 614 (Fla. 2d DCA 2005). Accordingly, we reverse the sentences imposed at the second resentencing and remand for another resentencing.
 

 The parties’ only dispute in this appeal centers on the postconviction court’s re-
 
 *209
 
 sentencing options on remand. Because the court may not increase the incarcera-tive portions of the HFO sentences beyond the fifteen years already imposed, Stark maintains that its only recourse is to strike the HFO sentences altogether. This is because the court is unable to impose HFO incarcerations that exceed the PRR terms which, he points out, are mandatory.
 
 See State v. Garcia,
 
 923 So.2d 1186, 1187-88 (Fla. 3d DCA 2006).
 

 But the proposition that a court may not forgo PRR sentencing when the State has invoked the Act and proved its applicability, while generally true, is not absolute. The PRRPA was designed to increase, not decrease, the potential punishments of those who qualify under the Act’s terms. “If a defendant is eligible for a harsher sentence ‘pursuant to [the habitual offender statute] or any other provision of law’ the court may, in its discretion, impose the harsher sentence.”
 
 State v. Cotton,
 
 769 So.2d 345, 354 (Fla.2000) (quoting § 775.082(9)(c)). That purpose would not be served by limiting the court’s ability “to opt out of the PRR designation when it recognized, post-sentencing via a defendant’s 3.800(b) motion ... that choosing to maintain the PRR designation could result in a lesser sentence.”
 
 Phillips v. State,
 
 834 So.2d 272, 275 (Fla. 5th DCA 2002).
 

 This court has held that PRR sentences and HFO sentences may be legally imposed for separate offenses.
 
 James v. State,
 
 17 So.3d 753, 754 (Fla. 2d DCA 2009);
 
 Tolbert v. State,
 
 827 So.2d 278 (Fla. 2d DCA 2002). Stark’s two burglary offenses were not part of the same criminal episode and were separate crimes. It is apparent, then, that the court’s first attempt to restructure Stark’s sentences, imposing a fifteen-year PRR sentence for one of the burglaries and a thirty-year HFO sentence suspended after fifteen years for the other, was permissible. A court may restructure erroneous sentences to come close to, but not to exceed, the original sentencing intent.
 
 Suarez v. State,
 
 974 So.2d 451, 453 (Fla. 3d DCA 2008);
 
 see also Blackshear v. State,
 
 531 So.2d 956 (Fla.1988).
 

 We offer no opinion on what new sentences should be imposed on remand. The court may choose to strike Stark’s HFO sentences,
 
 see Michel,
 
 935 So.2d at 1230, or it may reimpose the sentence structure devised at the first resentencing, or it may fashion another sentencing scheme altogether so long as the new sentences do not exceed Stark’s original sentences.
 

 Reversed and remanded.
 

 KELLY and VILLANTI, JJ., Concur.
 

 [1]
 

 . Stark’s scoresheet reflected a lowest permissible sentence of 107.2 months' imprisonment. Therefore, his maximum guidelines’ sentence for each burglary would have been fifteen years' imprisonment, the statutory maximum for a second-degree felony.