PER CURIAM.
 

 Murphy Sinclair appeals the trial court’s order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Sinclair contends that the trial court violated the double jeopardy clause when it sentenced him to concurrent habitual felony offender and prison releasee reoffender sentences. We disagree and affirm.
 

 Following a jury trial, the jury found Sinclair guilty of resisting an officer without violence and burglary of an occupied dwelling. The court sentenced him to twenty years as a habitual felony offender (“HFO”) with a fifteen-year minimum mandatory sentence as a prison releasee reoffender (“PRR”).
 

 Sinclair’s claim cannot be sustained in light of the Florida Supreme Court’s decision in
 
 Grant v. State,
 
 770 So.2d 655 (Fla.2000). In
 
 Grant,
 
 the defendant argued that his concurrent fifteen-year HFO and PRR sentences for sexual battery violated his double jeopardy rights. The Florida Supreme Court rejected Grant’s double jeopardy argument.
 
 See also Pacheco v. State,
 
 784 So.2d 459, 460 (Fla. 3d DCA 2000) (sentencing of a defendant as both a PRR and a HFO does not violate the constitutional protection against double jeopardy).
 

 
 *575
 
 However, the Florida Supreme Court in
 
 Grant
 
 concluded that the sentences violated section 775.082, Florida Statutes (1997), the Prison Releasee Reoffender Act (“PRR Act”), because the concurrent HFO and PRR sentences were equal in length. The Supreme Court observed that, under the PRR Act, “ ‘[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 [the HFO statute], or any other provision of law.’” Grant, 770 So.2d at 658 (citing § 775.082(8)(c), Fla. Stat. (1997), now § 775.082(9)(c)). The Supreme Court found that “this subsection allows a trial court to impose an HFO sentence on a PRR when the defendant qualifies under both statutes. It does not require a trial court to choose between one or the other. When a defendant receives a sentence like the one in this case, the PRR Act operates as a mandatory minimum sentence.”
 
 Grant,
 
 770 So.2d at 658.
 

 Consequently, concurrent HFO and PRR sentences for the same offense are permissible when the incarceration period of the HFO sentence exceeds the PRR sentence. Here, the court sentenced Sinclair to twenty years as a HFO and fifteen years as a PRR. Therefore, the trial court did not violate the PRR Act.
 

 Further, this Court previously held that Sinclair’s twenty-year sentence as a HFO and fifteen-year sentence as a PRR was in fact a legal sentence.
 
 See Sinclair v. State,
 
 994 So.2d 1247 (Fla. 3d DCA 2008).
 

 Accordingly, we affirm.