KHOUZAM, Judge.
Albert Edwin Brooks, Jr., appeals his judgment and sentence for felony battery. He argues that the trial court erred by sentencing him as a Prison Releasee Reof-fender (PRR) because the offense of felony battery under section 784.041, Florida Statutes (2010), is not a qualifying offense for PRR sentencing under section 775.082, Florida Statutes (2010). We hold that the offense of felony battery under section 784.041 is a qualifying offense for PRR sentencing, and we affirm.
A jury found Brooks guilty of felony battery, and he was sentenced as a PRR to five years in prison. On appeal, Brooks argues that his felony battery conviction does not qualify him for PRR sentencing because it is not specifically listed in and does not fall under the catch-all provision of the PRR statute. But felony battery does fall under the catch-all provision, and thus Brooks’ PRR sentence was proper.
Qualifying offenses for PRR sentencing are listed in section 775.082(9)(a)(1). Felony battery is not included in the list of qualifying offenses. However, section 775.082(9)(a)(1)(o) contains a catch-all provision which states “[a]ny felony that involves the use or threat of physical force or violence against an individual” is a qualifying offense.
Felony battery falls under this catch-all provision. The felony battery statute, section 784.041, provides as follows:
(1) A person commits felony battery if he or she:
(a) Actually and intentionally touches or strikes another person against the will of the other; and
(b) Causes great bodily harm, permanent disability, or permanent disfigurement.
(Emphasis added.) As the Fourth District explained in State v. Williams, a conviction for felony battery under this section “requires great bodily harm, permanent disability, or permanent disfigurement” and thus “cannot ‘be committed without the use or threat of physical force or violence.’ ” 9 So.3d 658, 660 (Fla. 4th DCA 2009) (quoting Spradlin v. State, 967 So.2d 376, 378 (Fla. 4th DCA 2007)); cf. State v. Hearns, 961 So.2d 211, 218-19 (Fla.2007) (holding that the offense of battery on a law enforcement officer does not qualify as a forcible felony for purposes of violent career criminal sentencing because it does not necessarily involve the use of threat of physical force or violence, and acknowledging that “intentionally causing bodily harm involves the use or threat of physical force or violence”).
Accordingly, we affirm because felony battery is a qualifying offense for PRR *404 sentencing, and Brooks’ PRR sentence was proper.
Affirmed.
ALTENBERND and KELLY, JJ„ Concur.