ALTENBERND, Judge.
Debra Wallace appeals the postconviction court’s order summarily denying her motion for postconviction relief that was filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm a portion of the order but reverse and remand as to two issues.
Ms. Wallace was convicted of an aggravated battery for her contribution to a bar fight on January 15, 2007, in which another woman was cut on the face with a broken beer bottle. She was sentenced as both a habitual offender and a prison releasee *140 reoffender to a total of twenty years’ imprisonment. Her judgment and sentence were affirmed by this court in 2011. Wallace v. State, 53 So.3d 1038 (Fla. 2d DCA 2011) (table decision). In her timely motion, she raises seven grounds. There are two legal issues that affect several of these grounds. Thus, on remand, we encourage the postconviction court to address these issues rather than only the grounds enumerated by Ms. Wallace.
First, Ms. Wallace maintains that her sentence is incorrect and that this is either an illegal sentence or a matter where her counsel was ineffective. We are inclined to believe that her sentence is legal and that the written sentence is oddly prepared, but we cannot resolve this issue from our record.
There is no question that Ms. Wallace was given notice and was eligible to be sentenced as a habitual offender under section 775.084, Florida Statutes (2006). She was also eligible to be sentenced as a prison releasee reoffender under section 775.082(9), Florida Statutes (2006). For this second-degree felony, she could be sentenced to a term of imprisonment up to thirty years as a habitual offender. As a prison releasee reoffender, she was required to receive a minimum mandatory term of fifteen years’ imprisonment. The case law explains that she can receive concurrent sentencing under both of these statutes so long as the habitual offender sentence is longer. See Grant v. State, 770 So.2d 655, 658 (Fla.2000); see also Martin v. State, 888 So.2d 661 (Fla. 2d DCA 2004); State v. Manning, 839 So.2d 849, 850-51 (Fla. 5th DCA 2003); Smith v. State, 754 So.2d 100,101 (Fla. 1st DCA 2000).
If the trial court had imposed a twenty-year sentence as a habitual offender with a concurrent fifteen-year minimum mandatory term as a prison releasee reoffender, there appears to be no question that the sentence would have been proper. But the trial court imposed a twenty-year sentence with the first fifteen years served as a prison releasee reoffender followed by a consecutive five-year term as a habitual offender. This confuses Ms. Wallace, who understandably thinks her sentence as a habitual offender is shorter than her sentence as a prison release reoffender. We are uncertain whether this sentencing structure might affect her sentencing calculations by the Department of Corrections. See, e.g., Lunardi v. State, 39 So.3d 364, 365 (Fla. 5th DCA 2010). On remand, the trial court shall examine the current sentence and determine what amendment may be permissible to correct the problem.
Second, Ms. Wallace claims her lawyer was ineffective because he was ill-prepared. She maintains that he was unprepared to cross-examine witnesses and that he failed to adequately prepare her and other defense witnesses to testify. She argues that his lack of preparation was prejudicial in her case.
This case is exceptional because Ms. Wallace’s attorney was actually disbarred, in part, because of his inadequate representation of her in this trial. See The Florida Bar v. Montekio, 68 So.3d 235 (Fla.2011) (table decision). The postcon-viction court prudently assumed that Ms. Wallace had established the first prong of a Strickland analysis. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, to refute her claim of prejudice, it attached portions of the trial transcript. We conclude that these portions of the transcript do not conclusively refute her claim. The transcript cannot demonstrate the steps taken or not taken by the disbarred attorney to prepare witnesses for trial. Likewise, although they can demonstrate cross-examination by the attorney, they cannot demonstrate how the cross-examination *141 would have been altered by adequate preparation.
Accordingly, we reverse the order on appeal as to these matters and remand the case for further proceedings. This may be a case in which the postconviction court should consider appointing counsel to assist Ms. Wallace with her motion.
Affirmed in part, reversed in part, and remanded.
VILLANTI and BLACK, JJ., Concur.