VILLANTI, Judge.
In this Anders[1] appeal after a trial, Jurez Roshae Williams seeks review of his conviction and sentence for one count of robbery. We affirm Williams’ conviction without further comment. However, because the sentence imposed on Williams is illegal as currently structured, we reverse the sentence and remand for resentencing.
Before trial, the State filed notices asserting that Williams qualified as both a habitual felony offender (HFO) under section 775.084(l)(a), Florida Statutes (2011), and a prison releasee reoffender (PRR) under section 775.082(9). At the sentencing hearing following Williams’ trial, the State introduced evidence that established that Williams qualified as both an HFO and a PRR, and it asked the trial court to designate Williams as both and impose sentence accordingly. After hearing from Williams, the trial court orally pronounced the following:
THE COURT: As to Count 1, Mr. Jurez [sic], you will be adjudicated guilty and sentenced as a habitual felony offender and a prison releasee reoffender, and I find that the State has proven, by a preponderance of the evidence, that the offense for which you are being sentenced today did occur within three years of your release from the State Correctional Facility, and additionally that the State has proven by a preponderance of the evidence that you have previously been convicted of two felonies, which would subject you to sentencing as a habitual felony offender.
As to Count 1, I will sentence you to 15 years in the Florida State Prison as a minimum mandatory, pursuant to prison releasee reoffender statutes followed by five years of probation....
[[Image here]]
MS. LUCAS: And, Your Honor, the five-year probation period, that is as a habitual felony offender?
THE COURT: It has to be, because the maximum penalty has to go up to 30 years, so yes.
The subsequent written sentence states that Williams is sentenced to fifteen years in prison followed by five years’ probation. It also states that Williams is “adjudicated a Habitual Felony Offender and has been *455 sentenced to an extended term in accordance with the provisions of Section 775.084(4)(A), Florida Statutes.” It further provides that Williams is “sentenced as a prison releasee reoffender F.S. 775.082(8); Count 1: min/man 15 yrs.” Hence, both the oral pronouncement and the written sentence appear to impose a sentence on Williams of fifteen years in prison as both an HFO and a PRR, followed by five years’ probation as an HFO. However, such a sentence is illegal.
This court addressed the identical issue in Johnson v. State, 927 So.2d 251 (Fla. 2d DCA 2006). There, Johnson was sentenced on a robbery conviction to thirty years in prison as a habitual felony offender, to be suspended after fifteen years with the remainder to be served on probation. Id. at 251. The trial court also imposed a fifteen-year minimum mandatory sentence on Johnson as a PRR. Id. at 251-52. In concluding that this sentence was illegal, we explained:
In Grant [v. State, 770 So.2d 655 (Fla.2000) ], the defendant argued that his concurrent fifteen-year HFO and PRR sentences for sexual battery violated his double jeopardy rights. Id. at 657. The supreme court rejected this argument. Id. at 658. However, the supreme court concluded that the sentences violated the PRR [statute] because the HFO and PRR sentences were equal in length. Id. at 659. The supreme court observed that, under the PRR [statute], “ ‘[n]oth-ing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to [the HFO statute] or any other provision.’” Id. at 658 (citing § 775.082(8)(c), Fla. Stat. (1997), now § 775.082(9)(c)) (emphasis supplied). Consequently, concurrent HFO and PRR sentences for the same offense are permissible when the incarceration period of the HFO sentence exceeds the PRR sentence. Id. at 658-59.
The sentences in Grant involved equal periods of incarceration under the HFO and PRR. Grant’s reasoning is equally applicable to a true split sentence. We reiterate, section 775.082(9)(c) provides that “[n]othing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law....” Thus, if the incarceration portion of an HFO sentence does not exceed the PRR sentence, the sentences violate the PRR. See Grant, 770 So.2d at 659; Morales v. State, 901 So.2d 1032, 1033 (Fla. 2d DCA 2005).
Id. at 252 (underline emphasis added); see also Michel v. State, 935 So.2d 1228, 1229-30 (Fla. 5th DCA 2006) (holding that sentence of fifteen years as a PRR and fifteen years followed by ten years’ probation as an HFO was illegal because the incarcera-tive portions of the sentences were the same and stating that “a concurrent HFO sentence which imposes a period of incarceration equal to or less than the PRR mandatory minimum constitutes an illegal sentence”); cf. Sinclair v. State, 65 So.3d 573, 575 (Fla. 3d DCA 2011) (affirming sentence of twenty years as an HFO and concurrent fifteen years as a PRR because “the incarceration period of the HFO sentence exceeds the PRR sentence”).
Here, as in Johnson and Michel, the trial court imposed concurrent HFO and PRR sentences, and the incarcerative portions of the sentences are the same. Contrary to the assertions in the briefs to this court, nothing in either the oral pronouncement or the written sentence makes it “clear” that the fifteen-year prison sentence is to be served only as a PRR. Hence, we reverse Williams’ sentence and remand for resentencing. On remand, the trial court may again sentence Williams as an HFO and a PRR as long as the incar- *456 cerative portions of the sentences are not the same.
Affirmed in part, reversed in part, and remanded for resentencing.
CASANUEVA and SILBERMAN, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).