NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JUREZ ROSHAE WILLIAMS,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellant,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　　　)　　Case No. 2D14-4399
　　　　　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Appellee.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
_____)

Opinion filed July 6, 2016.

Appeal from the Circuit Court for
Hillsborough County; Ashley Moody,
Judge.

Howard L. Dimmig, II, Public Defender,
and Cynthia J. Dodge, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jeffrey H. Siegal
Assistant Attorney General, Tampa, for
Appellee.


CRENSHAW, Judge.

After a jury found Jurez Roshae Williams guilty of robbery, the trial court

originally sentenced him to fifteen years' imprisonment as both a prison releasee

reoffender (PRR) and a habitual felony offender (HFO), followed by five years' probation

as an HFO. On direct appeal this court reversed Williams' sentence and remanded for

resentencing after determining that the sentence was illegal because "the incarcerative portions of the [PRR and HFO] sentences [were] the same." Williams v. State, 129 So. 3d 453, 455 (Fla. 2d DCA 2014); see also Johnson v. State, 927 So. 2d 251, 252 (Fla. 2d DCA 2006).  The trial court ultimately resentenced Williams as an HFO to fifteen years and one day in prison followed by four years and 364 days of probation with a concurrent fifteen-year mandatory minimum prison term as a PRR.  Citing Stark v. State, 27 So. 3d 206 (Fla. 2d DCA 2010), Williams now argues his latest sentence violates double jeopardy because the trial court increased the incarcerative portion of his sentence by one day after he began serving it.  We agree.

"Increasing a sentence after the defendant has begun serving it violates the constitutional prohibition against double jeopardy." Stark, 27 So. 3d at 208.  The State argues that this court should affirm because Williams' trial counsel agreed with the new sentence and because "[Williams] is still serving the same amount of time ordered by the court."  Contrary to the State's suggestion, this double jeopardy violation was not waived or unpreserved as Williams raised the error in a motion to correct sentence which was deemed denied when it was not ruled on within sixty days.  Cf. Pate v. State, 908 So. 2d 613, 614 (Fla. 2d DCA 2005) (explaining that increasing a sentence after a defendant has begun serving it violates double jeopardy "even if the original sentence was illegal or otherwise erroneous and the correction conforms to applicable law or to the court's and parties' intentions at sentencing").  Accordingly, we reverse Williams' new sentence and remand for another resentencing.  See Stark, 27 So. 3d at 208-09.

Reversed and remanded.

KHOUZAM and LUCAS, JJ., Concur.