NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RONNIE TRAY ATMORE,                         )
                                            )
            Appellant,                      )
                                            )
v.                                          )            Case No. 2D16-4654
                                            )
STATE OF FLORIDA,                           )
                                            )
            Appellee.                       )
                                            )
_____ )

Opinion filed April 6, 2018.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender, and
Ronald N. Toward, Special Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cornelius C. Demps,
Assistant Attorney General, Tampa, for
Appellee.

MORRIS, Judge.

        Ronnie Tray Atmore appeals his sentence for resisting arrest with

violence.[1]  Because the records before us do not reflect that the trial court was aware

_____

        [1]Atmore does not challenge the underlying judgment for this crime, nor
does he challenge his judgment and sentence for aggravated battery on a law
enforcement officer that were rendered at the same time as the challenged sentence.

that a ten-year sentence could not be imposed under the Prison Releasee Reoffender (PRR) statute, we reverse.

Resisting arrest with violence is third-degree felony that is punishable by up to five years in prison.  See §§ 775.082(3)(e), 843.01, Fla. Stat. (2015).  Where the State demonstrates by a preponderance of the evidence that a defendant qualifies to be sentenced as a PRR, the defendant must be sentenced to five years in prison for a third-degree felony.  § 775.082(9)(a)(3)(d).  A trial court may impose a single sentence pursuant to both the PRR and habitual felony offender (HFO) statutes but the HFO portion of the sentence must be longer than the PRR portion of the sentence.  See § 775.082(9)(c) ("Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 [the HFO statute] or any other provision of law.");  Grant v. State, 770 So. 2d 655, 659 (Fla. 2000) (explaining that the plain language of section 775.082(8)(c), the predecessor to subsection 775.082(9)(c), only permits trial courts to impose an HFO term that is longer than the PRR term and that, therefore, trial courts may not sentence a defendant to an equal sentence under the HFO statute even when it is imposed concurrently with the PRR sentence);  see also Wallace v. State, 128 So. 3d 139, 140 (Fla. 2d DCA 2013) (explaining that a defendant can receive a concurrent sentence under both the PRR and HFO statutes as long as the HFO portion of the sentence is longer).

The State first suggests that the ten-year sentence in this case is permissible because the HFO statute doubled the maximum sentence of five years, a point we do not dispute.  See § 775.084(4)(a)(3), Fla. Stat. (2015) (providing that a court may sentence an HFO to "a term of years not exceeding 10" for a third-degree felony).

However, the State then goes on to suggest that the imposition of the ten-year HFO sentence "simultaneously creat[ed] a five-year minimum mandatory sentence under the" PRR statute. But on the record before this court, we cannot make such an assumption.

During the imposition of Atmore's sentence, the trial court stated: "I'll sentence him to 10 years Florida State Prison concurrent with Count I [aggravated battery on a law enforcement officer]. That's as a PRR habitual offender." The trial court did not specify whether the PRR portion of the sentence was only for five years. Had it done so, the sentence would have been permissible. See §§ 775.082(9)(a)(3)(d), 843.01.

The written sentence also fails to offer any clarity as it provides for a ten-year sentence with both the PRR and HFO boxes checked. There is a handwritten notation next to the PRR box that the designation applied to both counts, including the sentence now being challenged on appeal, but there is nothing written on the sentence form indicating that the PRR portion was limited to five years. The trial court may have intended for the PRR portion to apply only for the first five years of the ten-year sentence. But the trial court failed to indicate that intention either during the oral pronouncement of sentence or on the written sentence form. And if the trial court did, in fact, intend to impose a ten-year PRR sentence, such a sentence would be illegal as it would exceed the statutory maximum sentence and would be the same length as the HFO sentence.

From the record before us, we cannot assume that the trial court intended to impose a ten-year HFO sentence with a five-year minimum mandatory PRR portion. And the sentence as currently written has the potential to affect sentencing calculations

by the Department of Corrections (DOC).  Cf. Wallace, 128 So. 3d at 140 (holding that twenty-year sentence, which was composed of the first fifteen years designated as the PRR portion followed by a consecutive five-year term designated as the HFO term, was legal but remanding for the trial court to determine what amendment might be permissible to clarify the sentence as it appeared to provide for an HFO term that was shorter than the PRR term and "might affect . . .  sentencing calculations by the [DOC]").  But see Kimbrough v. State, 776 So. 2d 1055, 1057 (Fla. 5th DCA 2001) ("Because we are sure the trial judge realized that [the] PRR [statute] authorizes a maximum sentence of five years for a third[-]degree felony, we assume that he meant that the PRR prohibition against gain time should apply only to the first 60 months of the sentence [for the charge of resisting an officer with violence]." (emphasis added)).  Accordingly, the ten-year sentence imposed pursuant to both the PRR and HFO statutes is reversed.  Should the trial court decide to again impose a single sentence pursuant to both the PRR and HFO statutes, it should specify what portion of the sentence is being served as the PRR portion so that it is clear that the HFO portion of the sentence exceeds the length of the PRR portion.

Reversed and remanded for resentencing.

NORTHCUTT and SILBERMAN, JJ., Concur.