DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JACOLBY JARMON ROBERSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-2931

[February 28, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence M. Mirman, Judge; L.T. Case No. 562022CF000208A.

Carey Haughwout, Public Defender, and Elijah Giuliano and Christine C. Geraghty, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Jacolby Roberson was convicted of aggravated stalking by credible threat and of aggravated stalking by violation of an injunction. He raises ten issues on appeal and with one exception we affirm without comment. We affirm in part, reverse in part, and remand to allow the circuit court to amend the written sentence to conform to the oral pronouncement of his sentence.

Relying on *Atmore v. State*, 242 So. 3d 1201 (Fla. 2d DCA 2018), Roberson argues the circuit court impermissibly sentenced him on count one to 10 years as a Prison Releasee Reoffender and a Habitual Felony Offender. He argues that his 10-year sentence as a Prison Releasee Reoffender is an illegal sentence, as it exceeds the five-year maximum sentence for a third-degree felony such as aggravated stalking. The State responds that his sentence was properly constructed.

In *Atmore*, 242 So. 3d at 1202, the trial judge sentenced the defendant to 10 years in prison and did not indicate "whether the [Prison Releasee

Reoffender] portion of the sentence was only for five years," which was the maximum permissible sentence under the Prison Releasee Reoffender statute for a third-degree felony. The written sentence did not provide any clarity. *Id.* The Second District explained that "[a] trial court may impose a single sentence pursuant to both the [Prison Releasee Reoffender] and habitual felony offender (HFO) statutes[,] but the HFO portion of the sentence must be longer than the PRR portion of the sentence." *Id.* (citing § 775.082(9)(c), Fla. Stat. (2015)). Unable to determine whether the trial court complied with the statutory requirements, the Second District reversed for the imposition of a new sentence. *Id.* at 1203.

Unlike in *Atmore*, we conclude the circuit court understood that it needed to divide the portion of the sentence designated as Prison Releasee Reoffender from the habitual felony offender sentence. The circuit court stated as much at the oral pronouncement of the sentence. So, we reject Roberson's argument that we must reverse for the imposition of a new sentence. However, we agree with Roberson that the circuit court's written sentence is inconsistent on this issue with the oral pronouncement. Therefore, we reverse in part and remand with instructions to amend the written sentencing order to conform to the court's oral pronouncement.

*Affirmed in part, reversed in part, and remanded with instructions.*

CONNER and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***