# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-2137
Lower Tribunal No. 18-CF-000811

_____

MICHAEL ALLEN LOVETT,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County.
Susan L. Barber, Judge.

August 16, 2024

TRAVER, C.J.

Michael Allen Lovett appeals from the summary denial of his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We reverse in part because the record does not refute Lovett's facially sufficient claim of an illegal sentence and remand for the trial court to consider its oral pronouncements made at sentencing, if available. We otherwise affirm.

A jury convicted Lovett of felony battery. The trial court sentenced him to ten years in prison. Lovett would serve the first five years as a prison releasee reoffender ("PRR") "followed by" five years as a habitual felony offender ("HFO").

Lovett challenged the legality of his sentence on two relevant[1] grounds. First, he contended that the trial court could not impose an equal PRR and HFO sentence. Second, he argued that two consecutive five-year sentences exceeded the statutory maximum for a third-degree felony. Lovett attached the written judgment and sentence to his motion, but he did not include the sentencing transcript.

The postconviction court denied Lovett's motion. It agreed that an HFO sentence imposing equal incarceration to a concurrent PRR sentence would be illegal, but it denied Lovett's first ground because the trial court had imposed the sentences consecutively. The postconviction court denied Lovett's second ground because the HFO statute extends the sentencing limit for a third-degree felony from five years to ten years.

Felony battery is a third-degree felony, typically punishable by up to five years in prison. *See* § 784.041(1), (3), Fla. Stat. (2018); § 775.082(3)(e), Fla. Stat. (2018). The PRR statute, however, required the trial court to sentence Lovett to five years in prison when the State proved he was a PRR. *See id.* § 775.082(9)(a)3.d. Lovett then had to serve 100 percent

---

[1] Lovett's third ground, which challenged his felony battery conviction as an unenumerated offense for purposes of PRR status, is meritless. *See* § 775.082(9)(a)1.o., Fla. Stat. (2018) (including "[a]ny felony that involves the use or threat of physical force or violence against an individual"); *see also Brooks v. State*, 93 So. 3d 402, 403 (Fla. 2d DCA 2012).

of his PRR sentence and became ineligible for any form of early release. *See id*. § 775.082(9)(b). A PRR sentence is thus a mandatory minimum sentence. *See Reeves v. State*, 957 So. 2d 625, 630 (Fla. 2007). This may not be a PRR defendant's maximum sentence, though, because the PRR statute does not preclude a longer prison sentence if the law allows it. *See* § 775.082(9)(c), Fla. Stat. (2018).

One potential way a trial court could increase a PRR's sentence is through a sentencing enhancement like the HFO statute potentially provides. *See* § 775.084(1)(a), (4)(a), Fla. Stat. (2018); *see also Grant v. State*, 770 So. 2d 655, 658 (Fla. 2000) ("It is no different to impose, on a qualifying defendant, a PRR mandatory sentence concurrently with a longer HFO sentence than to impose a mandatory minimum sentence for use of a firearm concurrently with a longer HFO sentence."). The HFO statute allows—but does not require—a trial court to sentence an HFO up to ten years in prison for a third-degree felony. *See* § 775.084(4)(a)3., Fla. Stat. (2018).

We address the interplay of PRR and HFO sentences, and while Lovett asserts facially sufficient claims, our record precludes us from resolving his assertions. To be sure, a ten-year HFO sentence running concurrently with a five-year PRR sentence would be legal. *See* §§ 775.082(9)(c), 775.084(4)(a)3.; *see also Atmore v. State*, 242 So. 3d 1201, 1202 (Fla. 2d DCA 2018). But a trial court cannot impose equal PRR and HFO sentences if it runs them concurrently; the PRR sentence must be longer. *See Grant*, 770 So. 2d at 659. Finally, trial courts can impose consecutive sentences when a defendant is convicted of two or more

3

offenses charged in the same information. *See* § 921.16(1), Fla. Stat. (2018). But the jury only convicted Lovett of one count of felony battery. *See Wallace v. State*, 128 So. 3d 139, 140 (Fla. 2d DCA 2013) (reversing and remanding where trial court sentenced defendant to fifteen years as PRR consecutive to five years as HFO on a single offense). Thus, the trial court's written sentence of five years as a PRR "followed by" five years as an HFO appears illegal.

But a trial court's "oral pronouncement of a sentence controls over the written sentencing document." *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007) (citations omitted). While rule 3.800(a) allows courts to correct illegal sentences when "the court records demonstrate on their face an entitlement to that relief," we cannot make a final determination absent a sentencing transcript. Accordingly, we reverse and remand for attachment of portions of the record refuting Lovett's claim of an illegal sentence if such records exist. If they corroborate Lovett's written sentence or do not exist, he must be resentenced.

AFFIRMED in part; REVERSED in part; and REMANDED.

STARGEL and NARDELLA, JJ., concur.

Michael Allen Lovett, Bowling Green, pro se.

Ashley Moody, Attorney General, Tallahassee, and Sonia C. Lawson and Cerese Crawford Taylor, Assistant Attorney Generals, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF TIMELY FILED